502 P.2d 980 (1972)
Robert LYONS, Jr., Plaintiff-Appellee,
v.
Jay R. HOFFMAN and LeRoy Hoffman, Defendants-Appellants.
No. 71-236.
Colorado Court of Appeals, Div. II.
September 19, 1972.
Rehearing Denied October 3, 1972.
*981 Eugene L. Deikman, Denver, for plaintiff-appellee.
Wolvington, Dosh, DeMoulin, Anderson & Campbell, Robert C. Miller, Denver, for defendants-appellants.
Selected for Official Publication.
PIERCE, Judge.
This action arose out of an automobile accident in which a vehicle driven by plaintiff, Robert Lyons, was struck from behind by a vehicle driven by defendant Jay Hoffman. The undisputed facts indicate that on a rainy day both cars were traveling north on Interstate 25 through Denver; that traffic on I-25 was at a standstill due to another accident; and that both plaintiff and defendant were proceeding over a crest in the highway which impeded their view of the traffic jam ahead until they were immediately over the crest. Because of their obstructed view, when it became apparent that the traffic was not moving, plaintiff stopped suddenly. Defendant, directly behind plaintiff and traveling at approximately the same speed, was unable to stop his car and collided with plaintiff. Plaintiff sought damages for personal injuries and property damage. The jury returned a verdict in his favor. Defendant appeals.
It has been defendant's contention, throughout these proceedings, that the manner in which plaintiff stopped his car was negligent and contributed to the collision between the two. This issue, however, was not presented to the jury. We agree with defendant that failure to submit this issue to the jury was error, and, therefore, we reverse the trial court.

I.
Plaintiff contends that failure to submit the issue of contributory negligence to the jury was not error, since that issue was not presented in the pleadings. However, in the "Third Defense" of his answer to plaintiff's complaint, defendant alleged as follows:
"That plaintiff's injuries and damages, if any he has sustained, were proximately caused by plaintiff's own failure to exercise due care for his own safety." *982 Prior to trial, the court ruled that this language was inadequate to frame the defense of contributory negligence, and that he would not, at that late date, grant leave to amend the answer. Furthermore, at the end of the trial, when an instruction on contributory negligence was offered by defendant, the court again refused to accept that defense and omitted it from the instructions to the jury.
Pleadings are to be liberally construed, and all doubts are to be resolved in favor of the pleader. Spomer v. City of Grand Junction, 144 Colo. 207, 355 P.2d 960. See also C.R.C.P. 8(f). The theory of pleading is to give an adversary notice of what is to be expected at trial. Here, construing the pleadings in their entirety, we conclude that plaintiff had been put on notice of defendant's contention that plaintiff was negligent. See Hicks v. Cramer, 85 Colo. 409, 277 P. 299.
Plaintiff, however, contends that, although the pleadings make it clear that defendant was alleging negligence by plaintiff, the failure to designate it as contributory negligence changed the nature of preparation necessary to meet the issue at trial. We find no merit in this contention. Regardless of whether it was designated as "negligence" or "contributory negligence," the pleadings did put plaintiff on notice that he might well have to rebut a showing of negligence on his part. Therefore, we hold that these pleadings, although not in the best form, were adequate, under the facts of this case, to put contributory negligence in issue.

II.
Plaintiff would have us rule that, based on the evidence, there was no contributory negligence as a matter of law and that the trial court properly refused the instruction. Here, however, the manner in which plaintiff managed to stop his car was in dispute. Defendant contends that plaintiff completely lost control, fishtailed and slid in such a manner as to bring his car to a stop very abruptly. Defendant contends that this proximately caused the accident and that the emergency presented did not require so sudden a stop. See Gaulin v. Templin, 162 Colo. 55, 424 P.2d 377. Plaintiff denies this. The record indicates that reasonable minds could differ on this issue. We hold that it was error not to submit determination of these facts to the jury. Lasnetske v. Parres, 148 Colo. 71, 365 P.2d 250.
Judgment reversed and remanded for proceedings not inconsistent with this opinion.
DWYER and ENOCH, JJ., concur.