543 P.2d 114 (1975)
Don T. HOFER, Plaintiff-Appellant, and
Fred Barnabe, Intervenor-Appellant,
v.
POLLY LITTLE REALTORS, INC., a Colorado Corporation, Defendant-Appellee.
No. 75-108.
Colorado Court of Appeals, Div. I.
November 6, 1975.
*115 Tague, Goss, Schilken & Beem, P. C., Clifford L. Beem, Littleton, for plaintiff-appellant.
Hobbs & Waldbaum, P. C., Jesse N. Lipschuetz, Denver, for intervenor-appellant.
Criswell, Patterson & Ballantine, John N. McNamara, Jr., Englewood, for defendant-appellee.
COYTE, Judge.
Plaintiff and intervenor, both real estate salesmen, obtained a judgment on their claims against their broker for real estate commissions. They bring this appeal on the sole ground that it was error to deny them an award of reasonable attorney fees as provided for in § 8-4-114, C.R.S.1973. We reverse.
At trial, no evidence of attorney fees was presented, the matter having been reserved. At the close of the trial both plaintiff and intervenor filed motions for an order setting a time for a hearing to establish the amount of reasonable attorney fees. Judgment was entered, the motions were denied, and this appeal followed.
*116 Neither plaintiff nor intervenor contest that part of the judgment denying them recovery of a penalty under § 8-4-104(3), C.R.S.1973; however, they assert that under § 8-4-114, C.R.S.1973, attorney fees must be awarded to the "winning party" in a suit to recover "wages" whether or not a penalty is awarded as part of the judgment.
Section 8-4-114, C.R.S.1973 contains the following language:
"Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action." (emphasis added)

Defendant raises three contentions that it claims bar an award of attorney fees on the facts of this case: (1) That plaintiff's and intervenor's claim for wages does not fall within either § 8-4-104 or 8-4-105; (2) that because of the conjunctive wording of § 8-4-114 attorney fees are not recoverable unless a claim is made for wages and penalties under both § 8-4-104 and § 8-4-105; and (3) that the judgment must include both wages and penalties as a prerequisite to an award of attorney fees. The statutory language itself compels us to reject these contentions.
While neither plaintiff nor intervenor specifically pled a claim for wages due and owing under § 8-4-104, they did assert their right to the assessment of a penalty under § 8-4-104(3). They also asserted a claim for attorney fees under § 8-4-114. Pleadings are to be liberally construed in Colorado, C.R.C.P. 8(f); Lyons v. Hoffman, 31 Colo.App. 306, 502 P.2d 980, and need serve only as adequate notice of the claim being asserted. C.R.C.P. 8; Rasmussen v. Freehling, 159 Colo. 414, 412 P.2d 217. Here, the claim stated in plaintiff's and intervenor's pleadings was sufficient to put defendant on notice of the relief sought.
Section 8-4-104 clearly encompasses the claim raised by plaintiff and intervenor. The wording of § 8-4-104(1) provides that wages or compensation for labor or services earned and unpaid at the time of discharge of an employee by an employer are due and payable immediately. Since both salesmen were terminated prior to the closing and the collection of the commission by the broker, defendant argues that no wages were earned or due at the time of their discharge. Section 8-4-104(2), however, speaks to this situation. It states that at the time the employment relationship is severed, an employer need not pay immediately compensation not yet fully earned under a compensation agreement. The implication is clear that such wages become immediately due at the time they are fully earned.
The trial court properly found that plaintiff and intervenor had, through their efforts, obtained an exclusive listing contract on behalf of their employer, that during the term of the contract a receipt and option contract was accepted by the owners of the property, and that pursuant to an agreement with their employer each salesman should have received 12½% of the total commission paid upon the completed sale of the property. Thus, after the closing was held, plaintiff and intervenor had a claim against their employer for wages (which term includes commissions under § 8-4-101(9)) for services fully earned and unpaid under § 8-4-104. Any other interpretation would lead to the patently unjust result that salesmen employed on a commission basis could be terminated with impunity prior to a closing and thus deprived of large commissions obtained for their employers as a result of their efforts.
Defendant construes § 8-4-114, C.R.S.1973, to require that in order to recover attorney fees a civil action must be commenced for wages and penalties under both § 8-4-104 and § 8-4-105, merely because the wording of the statute is in the conjunctive. We disagree. The two sections are mutually exclusive. Section 8-4-104(1) *117 refers to wages earned and unpaid at the time of discharge where there has been an interruption in the employer-employee relationship due to volition of the employer. Section 8-4-105 refers to wages or compensation other than those included in § 8-4-104, due and earned for a regular pay period or under an alternative salary agreement where the employer-employee relationship survives. In addition, both sections do not provide for "wages and penalties"; a penalty is provided under § 8-4-104(3) only for claims arising under § 8-4-104(1). Thus § 8-4-104, C.R.S.1973, creates a right in an employee under one set of circumstances together with a cause of action for a penalty, while § 8-4-105, C.R.S.1973, creates a right in an employee under a different set of circumstances, and does not provide for a penalty. If plaintiff and intervenor were required to bring a claim for both wages and penalties in order to be entitled to attorney fees, the reference to § 8-4-105 in § 8-4-114 would be meaningless, contrary to the other language of the statute, and inconsistent with the rules of statutory construction which require that the "entire statute is intended to be effective," § 2-4-201, C.R.S.1973, and that every word must be given effect, if possible. Johnston v. City of Greenwood Village, 177 Colo. 223, 493 P.2d 651.
Finally, defendant urges that an award of attorney fees is only mandatory in a case where the judgment includes an award of a penalty in addition to wages owed. It is the circumstances necessitating the commencement of suit which under the terms of the statute entitle an employee to have attorney fees added to his judgment for wages and/or penalties.
Considering the language of the entire statute, it is evident that the beneficent purpose of the legislature in drafting § 8-4-101, C.R.S.1973, was to assure that employees would be timely compensated for labor or services, and that when not so compensated they would be entitled to adequate judicial relief. In an action for wages, a successful employee is entitled to reasonable attorney fees. Only when it can be demonstrated that such compensation was willfully withheld by a former employer, will a 50% penalty be assessed against the employer and added to the amount of the judgment in favor of the employee. Attorney fees to be taxed as a cost of suit cannot be construed as an additional penalty, i. e., recoverable only if the judgment in favor of the employee contains a penalty. Such a construction would discourage employees from instituting suit, since the judgment intended to make them whole would be substantially reduced by outlays for attorney fees. The consequence of this latter construction would be to defeat the fundamental purpose of the statute. One cannot assume that an unjust or oppressive result was contemplated by the legislature. City & County of Denver v. Holmes, 156 Colo. 586, 400 P.2d 901.
The judgment is reversed and the cause remanded with directions to the trial court to hold a hearing to determine the amount of reasonable attorney fees to be added to the amount due plaintiff and intervenor.
SMITH and STERNBERG, JJ., concur.