Janice COMSTOCK, as Personal Representative of the Estate of Reva A. Nelson, Plaintiff-Appellant,

v.

Robert COLLIER, M.D., Defendant-Appellee.

No. 83CA1173.

Colorado Court of Appeals, Div. I.

Nov. 1, 1984.

Rehearings Denied Nov. 29, 1984.

Certiorari Granted April 15, 1985.

Green & Josefiak, Philip B. Green, Mary M. Josefiak, Denver, for plaintiff-appellant.

Long & Jaudon, P.C., Joseph C. Jaudon, Robert M. Baldwin, Denver, for defendant-appellee.

VAN CISE, Judge.

Plaintiff appeals a summary judgment dismissing her action against defendant, Robert Collier, M.D. (the doctor), based on the medical malpractice statute of limitations, § 13–80–105, C.R.S. We affirm in part and reverse in part.

On January 17, 1983, Reva A. Nelson (the patient) commenced this action against the doctor and others not involved in this appeal. She sought compensatory and exemplary damages from the doctor based on his alleged negligence and outrageous conduct. Soon after this action was filed, the patient died and her personal representative was substituted as plaintiff.

After answering, the doctor filed for summary judgment. Facts alleged in the complaint, assumed to be true for purposes of the motion, are: (1) that the doctor was licensed to practice medicine in Colorado; (2) that the doctor began treating the patient in 1961 and that such treatment was continuous until August of 1982; (3) that she was treated for chronic phlebitis and, since 1967, was directed to inject herself several times daily with the drug Talwin; and (4) that the treatment was negligent.

The doctor based his motion on the ground that plaintiff's claims were barred by the repose provision contained in the medical malpractice statute of limitations, § 13–80–105(1), C.R.S. This provision states that "In no event may such action be instituted more than three years after the act or omission which gave rise thereto."

In her response to the motion, plaintiff argued that the doctor had waived the statute of limitations defense and that the statutory exception of knowing concealment was applicable. *See* § 13–80–105(1)(a), C.R.S. No affidavits or depositions were filed by her in support of her argument.

In response to plaintiff's claim of knowing concealment, the doctor submitted an affidavit in which he stated that, during the approximately twenty years of treating the patient, he had explained to her the nature of her various health problems, the method of her treatment, and any substantial risks associated with her health problems and treatment. He further stated: "At no time during her treatment did I conceal any of the effects, consequences, risks, or medical reasons associated with such treatment. Throughout the different kinds of treatment used to alleviate Reva Nelson's various health problems, the propriety or impropriety of treatment was not concealed."

The trial court granted the doctor's motion, and dismissed plaintiff's claims as to him. This appeal followed.

I.

Plaintiff first contends that the doctor had waived the statute of limitations de-

fense by failure to plead it in his answer. Under the circumstances here, we disagree.

The doctor's original counsel filed an answer on behalf of the doctor and pled the statute of limitations as an affirmative defense. Later, present counsel filed a new answer and did not include this defense. However, the motion for summary judgment was based on the defense, and, at the time of filing that motion, the doctor moved to amend the answer to add that defense.

There was no waiver. An affirmative defense asserted in a motion for summary judgment is treated as being incorporated into the answer. *Cox v. Pearl Investment Co.*, 168 Colo. 67, 450 P.2d 60 (1969); *see Lin Ron, Inc. v. Mann's World of Arts & Crafts, Inc.*, 624 P.2d 1343 (Colo. App.1981).

Furthermore, the basic philosophy behind our modern rules of pleading is to give an adversary notice of what is to be expected at trial. *Lyons v. Hoffman*, 31 Colo.App. 306, 502 P.2d 980 (1972). Here, based on the doctor's initial answer, plaintiff had notice of the defense and cannot claim any prejudice or surprise.

## II.

Relying on C.R.C.P. 56(e), plaintiff asserts that the doctor's affidavit should not have been considered by the trial court because the dead man statute, § 13–90–102, C.R.S., bars the doctor from testifying to the matters set forth therein. We do not agree.

A party to a civil action may voluntarily testify therein in his own behalf regardless of the dead man statute, unless a properly qualified adverse party makes timely objection. It is an objection which, if not properly and timely presented, is waived. *Risbry v. Swan*, 124 Colo. 567, 239 P.2d 600 (1951). Plaintiff did not raise this objection in the trial court and therefore waived it for purposes of the summary judgment motion.

## III.

Plaintiff's main contention is that the trial court erred in finding that the repose provisions in the statute of limitations barred her claims against the doctor. We disagree in part and agree in part.

No contention was made in the summary judgment motion that the patient was not injured or that she discovered her injuries prior to 1982. The judgment was sought and granted on the basis of the repose provisions which bar any action not brought within three years after the act or omission which gave rise to such claim. Section 13–80–105(1), C.R.S.

Statutory exceptions to the repose period are: knowing concealment of an act or omission or leaving an unauthorized foreign object in the patient's body. Also, our supreme court, in *Austin v. Litvak*, 682 P.2d 41 (Colo.1984), created another exception where a physician misdiagnoses a patient's ailment. In these three situations, the general limitation period of two years after discovery applies. *See* § 13–80–105(1)(a), C.R.S.

None of these exceptions apply here. There was no foreign object claim. The argument for concealment fails for absence of counter-affidavits or equivalent. *See Austin v. Litvak, supra; McLaughlin v. Allen*, 689 P.2d 1169 (Colo.App.1984). And the claims in the instant case pertain to allegedly negligent treatment rather than misdiagnosis.

Nevertheless, plaintiff asserts that the doctor's treatment from 1961 until 1982 constituted continuous and ongoing acts or omissions. Therefore, she argues, the period of repose would not commence until the patient terminated the doctor's services in 1982 after she discovered her injuries. We do not agree that the period of repose commenced at that time. The statute contains no language indicating an exception for continuing acts or omissions, and in footnote 4 in *Austin v. Litvak, supra,* the supreme court rejected such argument on the facts of the case.

However, some of the treatment by the doctor occurred during the three year period immediately preceding the institution of this lawsuit. Hence, plaintiff is not barred from recovering for acts or omissions, and any injuries and damages attributable thereto, which may have occurred after January 17, 1980.

The other contentions for reversal are without merit.

The judgment of dismissal as to the doctor is reversed insofar as it pertains to acts or omissions of the doctor which occurred after January 17, 1980. The judgment is affirmed as to the earlier period. The cause is remanded for further proceedings not inconsistent with this opinion.

ENOCH, C.J., and PIERCE, J., concur.