ALCAN ALUMINUM CORPORATION, METAL GOODS DIVISION, L.G. Rathbun Company, Juster Steel, Inc., International Electronic Research Corp., Chomerics, Inc., La Deau Manufacturing Company, Perfex Metals, Inc., and Kedvale Steel Company, Plaintiffs–Appellants,

v.

ELECTRONIC METAL PRODUCTS, INC., f/k/a BW/EMP, Inc., Defendant–Appellee.

No. 91CA0704.

Colorado Court of Appeals, Div. IV.

April 23, 1992.

Rehearing Denied May 28, 1992.

Certiorari Denied Oct. 13, 1992.

William C. Danks, Denver, for plaintiffs-appellants.

Faegre & Benson, Christian C. Onsager, Denver, for defendant-appellee.

Opinion by Judge MARQUEZ.

Plaintiffs, Alcan Aluminum Corporation and other unsecured creditors of a bankrupt corporation, Electronic Metal Products, Inc. (EMP–I), appeal the summary judgment dismissing their claims against defendant, a second corporation also operating under the name Electronic Metal Products, Inc. We affirm.

In May 1987, EMP–I filed for reorganization under Chapter 11 of the Bankruptcy Code. At that time, Bank Western Federal Savings Bank (Bank Western) held first priority liens encumbering all of the real and personal property of EMP–I.

In July 1988, Bank Western requested that the automatic stay be lifted so that it could proceed to recover under state law. The request was granted in September 1988. Subsequently, EMP–I agreed to abandon its property pursuant to the bankruptcy code, and in November 1988, it transferred its assets to BW/EMP, Inc., a

corporation formed by Bank Western. Following this transaction, BW/EMP, Inc., conducted its business operations under the name "Electronic Metal Products, Inc." (EMP–II).

In May 1989, plaintiffs, who were unsecured creditors, commenced this action, claiming that EMP–II was a continuation of the bankrupt corporation and that it, therefore, was liable under the theory of successor liability for the debts incurred by EMP–I. The trial court ruled that there were no facts or circumstances to impose successor liability, and accordingly, it entered summary judgment against plaintiffs.

On appeal, plaintiffs contend that the trial court erred in granting summary judgment. We disagree.

Generally, a corporation which acquires the assets of another corporation does not become liable for the debts of the selling corporation. This rule is limited, and successors have been held liable if (1) there is an express or implied assumption of liability; (2) the transaction results in a merger or consolidation of the two corporations; (3) the purchaser is a mere continuation of the seller; or (4) the transfer is for the fraudulent purpose of escaping liability. *Ruiz v. ExCello Corp.*, 653 P.2d 415 (Colo.App.1982).

The "mere continuation" exception applies when there is a continuation of directors and management, shareholder interest, and, in some cases, inadequate consideration. *Nissen Corp. v. Miller*, 323 Md. 613, 594 A.2d 564 (1991). Thus, the test for determining whether this exception applies focuses on whether the purchasing corporation is, in effect, a continuation of the selling corporation, and not whether there is a continuation of the seller's business operation. *See Bud Antle, Inc. v. Eastern Foods, Inc.*, 758 F.2d 1451 (11th Cir.1985) (purchasing corporation); *Martin v. Abbott Laboratories*, 102 Wash.2d 581, 689 P.2d 368 (1984) (discussing distinction in applying the successor liability doctrine in products liability, as opposed to commercial, context).

Here, plaintiffs assert that there is a material dispute as to whether the true ownership and control of EMP–I and EMP–II was the same before and after the transfer. In support of this assertion, plaintiffs rely on a statement made during a deposition by a shareholder and director of EMP–I to the effect that Bank Western controlled EMP–I during the period before the transfer. However, that witness made clear in his deposition that Bank Western did not have legal control of the company and that the "control" he had referred to was financial, arising solely from the company's reliance on Bank Western as a source of new funding. Evidence of such a relationship between a debtor and a secured creditor, standing alone, is insufficient to indicate continuity of management and ownership under the doctrine of successor liability.

The undisputed evidence in the record before us reveals that there was no continuation of directors and ownership between the two companies. In addition, the evidence establishes that the transfer of assets between the two companies was supported by sufficient consideration, as Bank Western forgave a debt owed by EMP–I which was secured by a valid, perfected security interest in virtually all of the assets of EMP–I. The trial court found on undisputed evidence that the debt was far in excess of the value of those assets. Although the liens of Bank Western continued in the assets transferred, the debtor-creditor relationship between the seller and Bank Western was severed. *See Uni–Com Northwest, Ltd. v. Argus Publishing Co.*, 47 Wash.App. 787, 737 P.2d 304 (1987) (forgiveness of debt constitutes sufficient consideration).

Under these circumstances, we conclude that the trial court did not err in entering summary judgment in favor of EMP–II on plaintiffs' claims.

The judgment is affirmed.

CRISWELL and DUBOFSKY, JJ., concur.