**Vincent CUSIMANO, Plaintiff–Appellant,**

**v.**

**METRO AUTO, INC., d/b/a Metro Honda, Inc., Metro Olds, Inc., Metro Suzuki, Inc. and Metro Hyundai, Inc., Defendants,**

**and**

**Melville T. Nelson and Nancy J. Menz, Defendants–Appellees.**

**No. 91CA0842.**

Colorado Court of Appeals, Div. III.

Nov. 5, 1992.

As Modified on Denial of Rehearing March 11, 1993.

Certiorari Denied Oct. 18, 1993.

Bart Rice, Denver, for plaintiff-appellant.

Randall J. Paulsen & Associates, P.C., Randall J. Paulsen, Westminster, for defendants and defendants-appellees.

Opinion by Judge SMITH.

Plaintiff, Vincent Cusimano, appeals from the judgment dismissing his wage claims against defendants Melville T. Nelson, president and director of Metro Auto, Inc., and Nancy J. Menz, Metro's secretary-treasurer. We reverse.

Cusimano was employed by Metro from June 1989 until February 17, 1990. He

was guaranteed a minimum salary of $5,000 per month, which Metro failed to pay for his last two months of employment.

On February 21, 1990, Cusimano served a written demand for payment under § 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B) on Nelson and Metro and later filed this action seeking wages, statutory penalties, and attorney fees under the Wage Claim Act, § 8–4–101, et seq., C.R.S. (1986 Repl.Vol. 3B).

In a trial to the court, the claims against Nelson and Menz were dismissed at the conclusion of Cusimano's case for lack of proof. The trial court entered judgment against Metro for $15,000 in unpaid wages and the statutory penalty under § 8–4–104, and $11,500 in attorney fees under § 8–4–114, C.R.S. (1986 Repl.Vol. 3B).

## I.

■ We first reject Cusimano's argument that the depositions and one exhibit are relevant to the issues before us. Although the depositions and exhibit were submitted to the trial court as exhibits for summary judgment and are part of the record on appeal, the record does not show that they were admitted into evidence at trial. They therefore cannot show that the trial court erred in dismissing the claims for lack of evidence at trial.

## II.

Cusimano contends that the trial court erred in dismissing his wage claims against the individual defendants. We agree in part.

The Wage Claim Act is a comprehensive wage code designed to require employers to make timely payment of wages earned by an employee and to provide adequate judicial relief when employers fail to pay wages when due. *Lee v. Great Empire Broadcasting, Inc.*, 794 P.2d 1032 (Colo. App.1989).

Under § 8–4–104(1), C.R.S. (1986 Repl. Vol. 3B), when an employer terminates an employment relationship, wages earned and unpaid a͟t the time of the discharge are due and payable immediately. When an employee terminates an employment relationship, earned and unpaid wages are due and payable on the next regular payday.

■ Section 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B) provides that an employer who refuses without a good faith legal justification to pay wages when due under § 8–4–104(1) is liable to the employee for a penalty "in addition to the compensation legally proven to be due." Under § 8–4–114, C.R.S. (1986 Repl.Vol. 3B), an employee who recovers either wages alone or both wages and a penalty under § 8–4–104 is entitled to an award of attorney fees. *See Hofer v. Polly Little Realtors, Inc.*, 37 Colo.App. 86, 543 P.2d 114 (1975).

Section 8–4–101(6), C.R.S. (1986 Repl.Vol. 3B) defines employer as "every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, *and any agent or officer thereof, of the above mentioned classes*, employing any person in Colorado...." (emphasis added)

■ Cusimano argues that under § 8–4–101(6), as officers of Metro, the individual defendants were liable as employers under the Wage Claim Act. We agree that, as officers, they were liable for wages due, attorney fees, and penalties just as the corporation would be.

The issue of personal liability for corporate officers under the Wage Claim statute has not previously been resolved in a Colorado appellate holding, but our supreme court has stated that § 8–4–101(6) is "at least susceptible" to the interpretation that corporate officers are personally liable for wages due employees. *Fischer v. District Court*, 193 Colo. 24, 561 P.2d 1266 (1977). *See also* Thornton, *Rights of Terminated Employees: Expanding Remedies*, 21 Colo.Law. 1639 (August 1992).

The Pennsylvania Supreme Court has interpreted the virtually identical definition of employer in that state's Wage Payment and Collection Law, Pa.Stat.Ann. tit. 43, § 260.2a (Perdon 1992 Supp.), to impose personal liability on corporate officers upon proof that the officers were actively in-

volved in corporate decisionmaking. *Mohney v. McClure*, 529 Pa. 430, 604 A.2d 1021 (1992), *aff'g*, 390 Pa.Super. 338, 568 A.2d 682 (1990). However, the dissent in *Mohney* argued that the statutory language clearly and unambiguously imposed personal liability on corporate officers and did not require proof of active involvement in corporate decisionmaking. We find the dissent more persuasive.

The primary task in statutory construction is to give effect to the intent of the General Assembly, and, to discern that intent, the court should look first to the plain language of the statute. *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991).

The definition of employer in § 8–4–101(6) clearly discloses an intent to impose personal liability for wages on corporate officers. It contains no express requirements for liability beyond status as an officer.

We reject defendants' argument that they could be liable for wages under the Act only upon proof that they had some duty in relation to the unpaid employee.

The definition of employer in § 8–4–101(6) is not expressly limited to corporate officers with duties in relation to the unpaid employee. Had the General Assembly intended the construction urged by defendants, it could have done so expressly. *Cf.* N.C.Gen.Stat. § 95–25.2(5) (1991) (definition of employer includes "any person acting directly or indirectly in the interest of an employer in relation to an employee").

Moreover, the provisions of the Wage Claim Act should be liberally construed to carry out its beneficent purpose of assuring timely payment of wages and providing adequate judicial relief when wages are not paid. *See* § 2–4–212, C.R.S. (1980 Repl. Vol. 1B); *Hofer v. Polly Little Realtors, Inc., supra.* Construing the Act to impose personal liability for wages on high ranking corporate officers furthers that legislative purpose.

The risk of personal liability provides an incentive for corporate officers to ensure that their corporation will pay wages earned and provides some recourse for employees whose corporate employer is insolvent. *See Laborers Combined Funds v. Mattei*, 359 Pa.Super. 399, 518 A.2d 1296 (1986). Nor is this result absurd, unjust, or unreasonable; it is not unreasonable to presume that corporate officers have power, direct or indirect, over employment decisions.

We therefore reject defendants' narrow construction of § 8–4–101(6) and conclude that the Colorado Wage Claim Act imposes personal liability on at least high ranking corporate officers based solely on their status as officers.

We also reject defendants' argument that they could be liable for wages under the Act only upon proof that they refused to pay the wages without a good faith legal justification after receiving a written request. As we read § 8–4–104, proof of those matters is required for imposition of the *penalty* under § 8–4–104(3); it is not required for recovery of wages and attorney fees under the Act. *See Hofer v. Polly Little Realtors, Inc., supra. See also Laborers Combined Funds v. Mattei, supra.* (under identical Pennsylvania statute, proof of willfulness or other mental state is not required to impose personal liability for wages on corporate officers).

Here, the trial court erred in dismissing the claims against the individual defendants to the extent that the claims sought wages and attorney fees. Defendants admitted in their answer that they were the president and secretary-treasurer of Metro. As corporate officers, *see* § 7–5–115, C.R.S. (1986 Repl.Vol. 3A), they may be liable for wages, penalty, and attorney fees to the same extent as the corporation.

The judgment dismissing plaintiff's claims against the individual defendants is reversed, and the cause is remanded with directions that the claims against defendants Nelson and Menz be reinstated and for such further procedures as shall be required.

CRISWELL and ROTHENBERG, JJ., concur.