CERTIFICATION OF STATE LAW QUESTIONS
BRISCOE, Circuit Judge.
The United States Court of Appeals for the Tenth Circuit, on its own motion pursuant to 10th Cir. R. 27.1 and ColoApp. R. 21.1, hereby certifies to the Colorado Supreme Court the following questions of Colorado law which would be determinative of this case now pending before this court, and for which there appears to be no controlling precedent in the decisions of the Colorado Supreme Court:
1. Are officers of a now-bankrupt corporation individually liable for the wages of the corporation’s former employees under the Colorado Wage Claim Act, Colo.Rev.Stat. § 8-4-101 et seq (1999)?
*1296 2.If so, are all officers individually liable due to mere status as officers or must the officers have been high ranking or active decision-makers?
Our statement of these questions is not meant to limit the Colorado Supreme Court’s scope of inquiry. We acknowledge that the Colorado Supreme Court may reformulate the questions presented.

Factual Summary

1. Plaintiffs are former employees of NationsWay Transport Service, Inc. (Na-tionsWay). Defendants are former officers of NationsWay.
2. On February 11, 1999, the Nations-Way Board of Directors executed a resolution authorizing Defendant Harold Roth and William Ward, NationsWay senior vice presidents, to execute a petition under Chapter 11 of the United States Bankruptcy Code.
3. On May 20, 1999, NationsWay filed a petition for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Arizona. Later that day, NationsWay terminated the employment of most of its employees, including the plaintiffs.
4. Plaintiffs brought this action in Colorado state court, which was later removed to the United States District Court for the District of Colorado, alleging that defendants, as officers of NationsWay, were individually liable for wages plaintiffs had earned at the time of their termination, but which remained unpaid. Plaintiffs sought liability under the Colorado Wage Claim Act.
5. Defendants filed a motion for summary judgment arguing the Wage Claim Act did not impose liability on them individually. Plaintiffs filed a motion for summary judgment arguing the Act did impose individual liability upon the defendants. The district court denied defendants’ motion, relying on Cusimano v. Metro Auto, Inc., 860 P.2d 532 (Colo.Ct.App.1992), and granted plaintiffs’ motion in part as to eight of the named defendants, imposing liability against these eight defendants pursuant to Colo.Rev.Stat. § 8-4-104(1) for plaintiffs’ earned and unpaid wages.
6. The district court relied on three provisions of the Wage Claim Act to conclude individual officers could be liable for plaintiffs’ wage claims. First, Colo.Rev. Stat. § 8-4-104(l)(a) provides that “[w]hen an interruption in the employer-employee relationship by volition of the employer occurs, the wages or compensation for labor or service earned and unpaid at the time of such discharge is due and payable immediately.” Subsection (3) further provides that
[i]f an employer refuses to pay wages or compensation in accordance with subsection (1) of this section upon request by the employee and without a good faith legal justification for such refusal, the employer is liable to the employee, in addition to the compensation legally proven to be due, as a penalty for such refusal the greater of an amount equal to fifty percent thereof or an amount equal to the amount of the wages payable per day to such employee not to exceed ten days.
Colo.Rev.Stat. § 8^-104(3) (emphasis added). In concluding this section imposes liability on individual officers, the district court relied on the definitions section of the Act. Under that section, “employer” is defined as “every person, firm, partnership, association, corporation, migratory field labor contractor or crew leader, receiver, or other officer of court in Colorado, and any agent or officer thereof, of the above mentioned classes, employing any person in Colorado.” Colo.Rev.Stat. § 8-4-101(6) (emphasis added).
7. The district court subsequently certified its order for interlocutory appeal, *1297 finding there was “substantial ground” for a difference of opinion on the controlling legal question.
8. While this appeal was pending, the NationsWay bankruptcy proceeded as a Chapter 11 liquidation and on October 13, 2000, the Bankruptcy Court confirmed the company’s Chapter 11 plan. Pursuant to the plan, the former employees, including the plaintiffs, will receive approximately $3.0 million in unpaid wages. However, plaintiffs still seek amounts covering accrued vacation pay, sick leave pay, holiday pay, and other non-wage compensation, as well as a 50% penalty and attorney fees.

Reasons for Certification

We certify this question under 10th Cir. R. 27.1 because of the lack of precedent from the Colorado Supreme Court construing the state’s Wage Claim Act as it applies to liability of individual officers. The issue is determinative of the outcome in this case and we certify these questions for instruction based on the facts as developed in the case discussed above.