Dale L. MAJOR, Douglas Brunker, Daniel Hurtado, Jeremy McConnell, Keith Balka, James Seals, Winston Jorgensen, Leon Ellison, and William Robins, Plaintiffs–Appellees and Cross–Appellants,

v.

CHONS BROS., INC., a Colorado corporation, Defendant–Appellant,

and

Merit Wrecker, LLC, a Colorado limited liability corporation; and Joey Drawbaugh, Defendants and Cross–Appellees.

No. 00CA1941.

Colorado Court of Appeals, Div. III.

April 11, 2002.

Rehearing Denied July 25, 2002.

Davis Graham & Stubbs, LLP, Christine Kessler Lamb, Denver, Colorado, for Plaintiffs–Appellees and Cross–Appellants.

The Barsness Law Firm, Chad J. Barsness, Carbondale, Colorado, for Defendant–Appellant.

Brown, Berardini & Dunning, P.C., Brian J. Berardini, Denver, Colorado, for Defendant and Cross–Appellee Merit Wrecker, LLC.

Benson & Case, LLP, John Case, Michael P. Dulin, Denver, Colorado, for Defendant and Cross–Appellee Joey Drawbaugh.

Opinion by Judge DAILEY.

Defendant, Chons Bros., Inc., appeals a judgment awarding $210,398.04 in damages, attorney fees, and costs to plaintiffs. Plaintiffs cross-appeal summary judgments dismissing their claims against codefendants Merit Wrecker, LLC and Joey Drawbaugh. We affirm.

Plaintiffs, a mechanic and eight tow truck drivers, were formerly employed by Mirage Recovery Service, Inc. Mirage was owned and operated by Chons until 1998, when Merit purchased its trade name and towing business from Chons for $1 million. Drawbaugh was Mirage's general manager both before and after it was sold to Merit; he became a five-percent owner of Mirage after the sale.

Plaintiffs had worked only for Chons; they had not worked for Merit. Nonetheless, they sued Chons, Merit (on a successor liability theory), and Drawbaugh (on an employer theory) for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. (2002), and the Colorado Wage Claim Act (CWCA), § 8–4–101, et seq., C.R.S.2001.

On the parties' cross-motions for summary judgment, the trial court granted plaintiffs' motion against Chons on an FLSA claim and Merit's and Drawbaugh's motions against plaintiffs. Plaintiffs and Chons subsequently stipulated to the amount of damages, and the court entered judgment thereon, together with an award of liquidated damages, attorney fees, and costs.

Chons and plaintiffs now appeal the summary judgment orders. In addition, Chons contends that the trial court erred in awarding liquidated damages to plaintiffs, striking its motion for attorney fees, and awarding excessive attorney fees to plaintiffs.

*I. Summary Judgment Rulings*

Initially, we reject the parties' contentions that the trial court erroneously granted summary judgments adverse to their interests.

Summary judgment permits "the parties to pierce the formal allegations of the pleadings and save the time and expense connected with trial when, as a matter of law, based on undisputed facts, one party could not prevail." *Peterson v. Halsted,* 829 P.2d 373, 375 (Colo.1992). However, because summary judgment is a drastic remedy, it is appropri-

ate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336, 1340 (Colo. 1988).

On appeal, we review summary judgments de novo. *Aspen Wilderness Workshop, Inc. v. Colorado Water Conservation Board,* 901 P.2d 1251, 1256 (Colo.1995).

### A. Chons' Appeal

■ Chons contends that the trial court erred in determining that, as a matter of law, it was not exempt from FLSA overtime requirements. We disagree.

Under the FLSA, an employer must compensate employees not less than one and one-half times their regular rate for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). Employees may maintain an action against employers who do not comply with this provision to recover unpaid overtime wages. 29 U.S.C. § 216(b).

The FLSA overtime provision applies to tow truck employees, *Brennan v. Valley Towing Co.,* 515 F.2d 100, 104 (9th Cir.1975), excepting only those "with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service" pursuant to 49 U.S.C. § 31502 (2002). 29 U.S.C. § 213(b)(1) (motor carrier exemption).

■ The motor carrier exemption extends to those employees who (1) are employed by carriers operating in interstate commerce, *and* (2) are engaged in activities directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate commerce. *See Benson v. Universal Ambulance Service, Inc.,* 675 F.2d 783, 786 (6th Cir.1982). *See also* 29 C.F.R. § 782.2(a) (2002)(the exemption "depends both on the class to which [the] employer belongs and on the class of work involved in the employee's job").

■ FLSA exemptions must be construed narrowly, *A.H. Phillips, Inc. v. Walling,* 324 U.S. 490, 498, 65 S.Ct. 807, 810, 89 L.Ed. 1095, 1101 (1945), and employers bear the burden of showing their applicability. *Pugh v. Lindsay,* 206 F.2d 43, 46 (4th Cir.1953)("it is incumbent upon one asserting an exemption to bring himself clearly and unmistakably within the spirit and the letter of its terms").

Here, Chons argues that because it clearly qualified as a carrier engaged in interstate commerce, plaintiffs, as its employees, necessarily engaged in interstate commerce. Chons' argument, however, ignores a critical criterion for the exemption: the nature of the *individual* employee's job activities. *See Dole v. Solid Waste Services, Inc.,* 733 F.Supp. 895, 929 (E.D.Pa.1989)(ultimately, the exemption depends upon the character of the employee's work, not upon the nature of employer's activities), *aff'd,* 897 F.2d 521 (3d Cir.1990).

Where the employee's continuing job duties have no substantial direct effect on the safety of operation of motor vehicles in interstate commerce, or where such activities are so trivial, casual, and insignificant as to be de minimis, the exemption does not apply. *See* 29 C.F.R. § 782.2(b)(3); *Opelika Royal Crown Bottling Co. v. Goldberg,* 299 F.2d 37, 43 (5th Cir.1962).

Here, plaintiffs' job activities were overwhelmingly conducted in Colorado. The mechanic worked solely in Colorado. The tow truck drivers regularly worked twelve- to eighteen-hour shifts, six days a week. Of the thousands of "tow tickets" Chons produced documenting tows conducted by the tow truck drivers over the three years preceding this action, only nine involved out-of-state tows.

This evidence, which was not disputed by Chons, leads to but one reasonable inference: plaintiffs' interstate commerce activity was de minimis, and thus, the motor carrier exemption from FLSA requirements did not apply. *See Dole v. Solid Waste Services, Inc., supra,* 733 F.Supp. at 929 (employees whose duties related to interstate commerce an "infinitesimal" part of the time were not exempt from FLSA protections); *Kimball v. Goodyear Tire & Rubber Co.,* 504 F.Supp. 544, 548 (E.D.Tex.1980)(where drivers made one interstate delivery every three weeks, "the interstate portion of the drivers' work

was infinitesimal and thus did not exempt the employer from the FLSA").

Consequently, the trial court properly granted summary judgment against Chons on this issue.

### B. Plaintiffs' Cross–Appeal Against Merit

■ Plaintiffs contend that the trial court erred in granting Merit's motion for summary judgment on their FLSA claim. We disagree.

"The general rule, which is well settled, is that where one company sells or otherwise transfers its assets to another company, the latter is not liable for the debts and liabilities of the transferor." 15 William Meade Fletcher et al., *Fletcher's Cyclopedia of the Law of Private Corporations* § 7122, at 218 (perm. ed., rev. vol.1999). *See Alcan Aluminum Corp. v. Electronic Metal Products, Inc.*, 837 P.2d 282, 283 (Colo.App.1992). However, various exceptions to this rule exist under state and federal common law. *See, e.g., Alcan Aluminum Corp v. Electronic Metal Products, Inc., supra; Steinbach v. Hubbard*, 51 F.3d 843, 845–846 (9th Cir. 1995).

■ Because an FLSA claim arises under federal law, the standard for determining successor corporate liability is determined by reference to federal common law. *See Steinbach v. Hubbard, supra*, 51 F.3d at 845 (applying, in the FLSA context, the federal common law successorship doctrine "that now extends to almost every employment law statute").

■ Under federal employment law, successor liability is "designed to grant remedial relief ... to an employee who, solely because of a change in ownership, is unable to obtain similar relief from the predecessor." *Musikiwamba v. ESSI, Inc.*, 760 F.2d 740, 749 (7th Cir.1985). *See also Holland v. Williams Mountain Coal Co.*, 256 F.3d 819, 825 (D.C.Cir.2001) (recognizing that successor liability is imposed primarily because "the victim of the predecessor's behavior may be left without a remedy unless recourse against the successor is allowed"); *Preyer v. Gulf Tank & Fabricating Co.*, 826 F.Supp. 1389, 1397 (N.D.Fla.1993)("The main rational[e] under-

lying the imposition of successor liability is that an employee's statutory rights should not be vitiated by the mere sudden change in ownership of the employer's business.").

■ Under federal common law, successor liability attaches when (1) the purchasing entity is a bona fide purchaser; (2) the purchasing entity had notice of the potential liability; and (3) the selling entity is unable to provide adequate relief directly. *See Equal Employment Opportunity Commission v. SWP, Inc.*, 153 F.Supp.2d 911, 917 (N.D.Ind.2001)(Equal Employment Opportunity Act); *Korlin v. Chartwell Health Care, Inc.*, 128 F.Supp.2d 609, 613–14 (E.D.Mo. 2001)(Age Discrimination in Employment Act); *Herrera v. Singh*, 118 F.Supp.2d 1120, 1123 (E.D.Wash.2000)(Migrant and Seasonal Agricultural Workers Protection Act). *See also Steinbach v. Hubbard, supra*, 51 F.3d at 846 (reciting, in FLSA context, the standard as consisting of the last two elements mentioned above plus consideration of "the extent to which the predecessor is able to provide adequate relief directly").

Even assuming there were factual issues pertaining to the first two prongs of this test, plaintiffs have presented no evidence to support the third prong, that Chons is unable to directly provide adequate relief. Consequently, we affirm the trial court's summary judgment. *See Ramirez v. DeCoster*, 194 F.R.D. 348, 368 n. 38 (D.Me.2000)(quoting *Musikiwamba v. ESSI, Inc., supra*, 760 F.2d at 750: "it would be grossly unfair, except in the most exceptional circumstances, to impose successor liability on an innocent purchaser when the predecessor is fully capable of providing relief").

### C. Plaintiffs' Cross–Appeal Against Drawbaugh

■ Plaintiffs contend that the trial court erred in exonerating Drawbaugh from personal liability under the FLSA and the CWCA. We disagree.

■ Under the FLSA, an employer, including "any person acting directly or indirectly in the interest of the employer in relation to an employee," 29 U.S.C. § 203(d),

shall be liable to the employee for unpaid overtime. 29 U.S.C. §§ 207, 216(b).

Similarly, under the CWCA, an employer, including "every person, firm, partnership, association, corporation ... and any agent or officer thereof," § 8–4–101(6), C.R.S.2001, is liable for wages which are earned but unpaid at the time of the employee's discharge when that discharge is at the employer's volition. Section 8–4–104(1)(a), C.R.S.2001.

Plaintiffs assert that under these provisions, an individual may be personally liable to an employee for unpaid wages merely by virtue of his or her status as a corporate officer or agent of the employer.

However, with respect to the FLSA claim, plaintiffs overlook the four-part "economic reality" test, which requires both supervisory authority and some degree of control over the alleged FLSA violation itself before individual liability will attach. See Davis v. B & S, Inc., 38 F.Supp.2d 707, 715–16 (N.D.Ind. 1998). Indeed, the cases upon which plaintiffs rely are in accord with this standard. See Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir.1991)("In deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency."); Donovan v. Agnew, 712 F.2d 1509, 1513 (1st Cir.1983)("The Court has not looked to 'technical' common law concepts to define the scope of the employer-employee relationship under the [FLSA], but rather to 'economic reality.' ").

In their reply brief plaintiffs argued that summary judgment was inappropriate under the "economic reality" test. Because arguments may not be raised for the first time in a reply brief, see In re Marriage of Smith, 7 P.3d 1012, 1017 (Colo.App.1999), we decline to address this argument and necessarily conclude that reversal is not warranted on plaintiffs' FLSA claim against Drawbaugh.

With respect to plaintiffs' CWCA claim against Drawbaugh, it is not clear that the trial court dismissed it solely on the ground that Drawbaugh could not be held personally liable for unpaid wages. Assuming, however, that this was the exclusive reason for the court's judgment, plaintiffs contend that, un-like the FLSA, the CWCA imposes personal liability based solely on status.

Although the issue is currently pending before the supreme court, see Leonard v. McMorris, 272 F.3d 1295, 1295–96 (10th Cir.2001)(certifying questions to the Colorado Supreme Court pursuant to 10th Cir. R. 27.1 and C.A.R. 21), a division of this court held in Cusimano v. Metro Auto, Inc., 860 P.2d 532, 534 (Colo.App.1992), that under the CWCA a corporation's president and secretary/treasurer could be held personally liable for the payment of wages based solely on their status as high-ranking corporate officers.

Even if the supreme court were to narrow the Cusimano rule, it would not change the outcome of this case. Plaintiffs cannot prevail under even the more favorable Cusimano standard, where the issue is whether Drawbaugh's status qualifies him as an "agent" for CWCA liability purposes. Obviously, the CWCA was not intended to impose liability on any and all corporate agents, regardless of responsibility or level of authority. In Cusimano, supra, 860 P.2d at 534, the division recognized that the CWCA's personal liability provision was intended to provide an incentive to high-ranking individuals to ensure that corporations pay wages earned by their employees. Under this rationale, in this context, the term "agent" would have to be interpreted as applying only to those individuals who, although not corporate officers, nonetheless have some authority or responsibility to make decisions regarding the payment or withholding of wages.

Here, Drawbaugh was Chons' general manager. Often, a general manager will have authority or responsibility over wage decisions. See Black's Law Dictionary 972 (7th ed.1999) (ordinarily, a "general manager" has "overall control of a business, office, or other organization, including authority over other managers," and a general manager is "usu[ally] equivalent to a president or chief executive officer of a corporation"). However, because this is not invariably the case, personal liability may not attach to Drawbaugh simply because of his job title. Instead, the inquiry must focus on whether Drawbaugh's status in Chons' business was

such that he had some authority or responsibility to affect Chons' wage payment policies.

When viewed in the light most favorable to plaintiffs, the evidence reveals that, although Drawbaugh was responsible for running various aspects of Chons' business on a day-to-day basis—including the scheduling of overtime work—he too was at all times an employee of Chons, subject to the same compensation scheme as plaintiffs, and he had been given no authority or responsibility over Chons' wage payment policies.

Under these circumstances, we conclude that Drawbaugh did not qualify as an "agent" for CWCA personal liability purposes, and thus he was not personally liable to plaintiffs for unpaid wages. Consequently, the trial court properly dismissed plaintiffs' CWCA claim against him.

## II. Liquidated Damages

■ Next, Chons contends that the trial court erred in requiring it to pay liquidated damages to plaintiffs. We are not persuaded.

Any employer who violates § 207 of the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation ... and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

■ Although § 216(b) indicates that liquidated damage awards are usually mandatory, a trial court may deny such an award if it is satisfied that the employer acted in good faith and upon reasonable grounds for believing it was not violating the FLSA. 29 U.S.C. § 260 (2002). See, e.g., Burnley v. Short, 730 F.2d 136, 140 (4th Cir.1984). To be relieved of liquidated damages, an employer must show that it took affirmative action to determine its FLSA liability. See Burgess v. Catawba County, 805 F.Supp. 341, 350 (W.D.N.C.1992)(fact that employer's conduct was not willful does not necessarily mean it was in good faith).

■ However, even if a trial court were to determine that an employer's actions were taken in good faith and based on reasonable grounds, the trial court nonetheless retains discretion to award liquidated damages. Heidtman v. County of El Paso, 171 F.3d 1038, 1042 (5th Cir.1999).

Here, Chons argues that it acted in good faith and upon a reasonable belief that plaintiffs were exempt from FLSA overtime pay requirements, based on: 1) Drawbaugh's statement that he was advised by a Department of Labor employee that tow truck drivers were not covered by the FLSA; and 2) the Department of Labor's failure to audit Chons' compensation scheme for tow truck drivers while it was investigating Chons' compensation scheme for dispatchers.

However, because the record contains no evidence that Chons took any affirmative steps to ensure it complied with the FLSA, we conclude that the trial court acted within its discretion in awarding liquidated damages to plaintiffs. See, e.g., Renfro v. City of Emporia, 948 F.2d 1529, 1540 (10th Cir.1991)(absent additional efforts to obtain a written opinion, simple phone call to Department of Labor administrative assistant was insufficient to compel a finding of reasonable grounds to believe city was complying with FLSA). See also Avitia v. Metropolitan Club of Chicago, Inc., 49 F.3d 1219, 1223 (7th Cir.1995)(in FLSA cases, "[d]ouble damages are the norm, single the exception").

Consequently, we find no error on this ground.

## III. Chons' Attorney Fees

■ Chons also contends the trial court erred in striking its request for attorney fees under the CWCA as untimely under C.R.C.P. 59(a) and 121 § 1–22. We disagree.

In support of its position, Chons cites several appellate decisions recognizing that a trial court has discretion to consider belated requests for attorney fees. See, e.g., In re Marriage of Wright, 841 P.2d 358 (Colo.App. 1992). However, to say that a court has discretion to consider a belated request for fees does not mean that the court must do so. See Municipal Subdistrict, Northern Colorado Water Conservancy District v. OXY USA, Inc., 990 P.2d 701, 710 (Colo.1999)(quoting People v. Milton, 732 P.2d 1199, 1207 (Colo.

1987): "To say that a court has discretion ... means that it has the power to choose between two or more courses of action and is therefore not bound in all cases to select one over the other.").

Here, Chons filed its motion for attorney fees twenty-four days after the expiration of the fifteen-day period prescribed by C.R.C.P. 121 § 1–22. Chons neither requested an extension of time within which to request fees nor offered an excuse for its tardiness. Under the circumstances, we discern no abuse of the trial court's discretion in striking Chons' belated motion.

### IV. Plaintiffs' Attorney Fees

■ Finally, Chons contends that the trial court awarded plaintiffs excessive attorney fees by including fees for work on unsuccessful claims and claims against the other defendants. We perceive no error.

■ Under the FLSA, prevailing plaintiffs are entitled to recover reasonable attorney fees and costs. 29 U.S.C. § 216(b). The determination of a reasonable amount of fees is a question of fact, and the trial court's finding will not be disturbed on appeal unless it is patently erroneous and unsupported by the evidence. *Porter v. Castle Rock Ford Lincoln Mercury*, 895 P.2d 1146, 1149 (Colo. App.1995).

Here, although plaintiffs prevailed on but one of seven claims, namely an FLSA claim, that claim was the main focus of the case from the outset. In their fee application, plaintiffs attempted to exclude time spent on unsuccessful claims and on the relatively few FLSA issues that related exclusively to the other defendants. The trial court scrutinized plaintiffs' itemized fee request and reduced it in a number of instances where plaintiffs had inadvertently included time expended either on unsuccessful claims or claims against other defendants.

Because (1) plaintiffs prevailed on their FLSA claim against Chons; (2) plaintiffs' fee application (and the trial court's scrutiny thereof) apportioned out unrecoverable fees, *see Koontz v. Rosener*, 787 P.2d 192 (Colo. App.1989) (apportioning fees between claims); *Newport Pacific Capital Co., v.*

*Waste*, 878 P.2d 136, 140 (Colo.App.1994)(apportioning fees among multiple parties); (3) the trial court considered proper factors in making the award, *see Hartman v. Freedman*, 197 Colo. 275, 281, 591 P.2d 1318, 1322 (1979)(listing factors); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir.1994)(discussing purpose of FLSA attorney fee awards); and (4) the record supports the award, we decline to disturb that award on appeal.

To the extent that Chons complains that the trial court did not totally exclude fees relating to an unsuccessful part of plaintiffs' FLSA allegations, Chons did not argue this point to the trial court. Consequently, we decline to address it on appeal. *See Flores v. American Pharmaceutical Services, Inc.*, 994 P.2d 455, 458 (Colo.App.1999)("An appellate court will not consider issues, arguments, or theories not previously presented in trial proceedings.").

Accordingly, the judgment is affirmed.

Judge NEY and Judge ROY concur.