94 P.3d 1257 (2004)
LIBERTY MUTUAL FIRE INSURANCE COMPANY and Liberty Insurance Corporation, Plaintiffs-Appellants,
v.
HUMAN RESOURCES COMPANIES, INC., Defendant-Appellee, and
HRC/SVL, LLC, Intervenor-Appellee.
No. 03CA0521.
Colorado Court of Appeals, Div. II.
June 17, 2004.
*1258 Gibson, Dunn & Crutcher, LLP, Gregory J. Kerwin, Stephen C. McKenna, Amanda J. Tessar, Denver, Colorado, for Plaintiffs-Appellants.
Moye Giles, LLC, John E. Moye, Elizabeth H. Getches, Denver, Colorado, for Defendant-Appellee.
Ireland, Stapleton, Pryor & Pascoe PC, Barbara Weil Laff, Robert S. Anderson, Denver, Colorado, for Intervenor-Appellee.
Opinion by Judge PICCONE.
Plaintiffs, Liberty Mutual Fire Insurance Company and Liberty Insurance Corporation (collectively Liberty), appeal from the trial court's order denying their motion to substitute intervenor, HRC/SVL, LLC, as a defendant. We vacate the order and remand.
In November 1999, Liberty sued Human Resources Companies, Inc. (HRC) for breach of contract after HRC failed to reimburse Liberty for payments made on its behalf under various insurance policies. The court granted summary judgment against HRC for $560,126. Post-judgment discovery revealed that while Liberty's summary judgment motion was pending, HRC sold all of its assets to HRC/SVL without notifying Liberty.
Liberty moved to substitute HRC/SVL as a defendant pursuant to C.R.C.P. 25(c), arguing that HRC/SVL was HRC's successor. The court denied Liberty's motion without explanation.

I. C.R.C.P. 25(c)
Liberty contends the trial court erred as a matter of law by failing to allow the post-judgment substitution of HRC/SVL under C.R.C.P. 25(c). We conclude further proceedings are necessary.
C.R.C.P. 25(c) allows a trial court to join or substitute a corporation that succeeds to the interest of a party in a lawsuit. It states:
In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion *1259 directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.
C.R.C.P. 25(c) does not specify a procedure for resolving a motion in cases in which the parties dispute whether the corporation should be substituted for, or joined with, another corporation. No Colorado appellate opinions address this issue. Fed.R.Civ.P. 25(c) is identical to the Colorado rule. We, therefore, look to federal cases discussing Fed.R.Civ.P. 25(c) for guidance. See Am. Water Dev., Inc. v. City of Alamosa, 874 P.2d 352 (Colo.1994).
The rule was created to "allow an action to continue unabated when an interest in a lawsuit changes hands." See 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1958, at 554 n. 6 (2d ed.1986). It is procedural only and does not deal with whether an action survives transfer of interest by a party. It "deals only with the mechanics of substitution in an action which does survive under applicable substantive law." Wright, supra, § 1958, at 554 n. 6. The rule "describes the method by which the original action may proceed if the right of an action survives." Wright, supra, § 1952, at 526; see ELCA Enters., Inc. v. Sisco Equip. Rental & Sales, Inc., 53 F.3d 186 (8th Cir.1995).
A transfer of interest of a corporation occurs when one corporation becomes the successor to another. See Alcan Aluminum Corp. v. Elec. Metal Prods., Inc., 837 P.2d 282 (Colo.App.1992)(a successor corporation may be held liable if there is express or implied assumption of liability; the transaction results in a merger or consolidation of the seller; or the transfer is for the fraudulent purpose of escaping liability). Courts have applied the rule broadly to include transfer of various types of property interests. 6 James Wm. Moore et al., Moore's Federal Practice § 25.31 (3d ed.2003). "When a defendant corporation has merged with another corporation, for example, the case may be continued against the original defendant and the judgment will be binding on the successor even if the successor is not named in the lawsuit." Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71 (3d Cir.1993).
Generally, substitution occurs during litigation. It has, however, been allowed even after litigation has ended as long as the transfer of interest occurred during the pendency of the case. Luxliner, supra; see also Panther Pumps & Equip. Co. v. Hydrocraft, Inc., 566 F.2d 8, 23 (7th Cir.1977)(quoting 3B Moore, supra, ¶ 25.03(1), at 25-101 (2d ed. 1977): "Rule 25 has application only to actions pending in the district courts. But this should not preclude substitution after judgment has been rendered in the district court ... for the purpose of subsequent proceedings to enforce ... a judgment.").
Substitution of parties under C.R.C.P. 25(c) is a matter within the trial court's discretion. Recreational Dev. Co. v. Am. Constr. Co., 749 P.2d 1002 (Colo.App.1987); see Luxliner, supra; 7A Wright, supra, § 1958, at 664-54. Determination whether an entity is a transferee of interest, however, requires the trial court to apply the law to the facts. Luxliner, supra. We review the trial court's factual findings for clear error. Blesch v. Denver Publ'g Co., 62 P.3d 1060 (Colo.App.2002). Our review of questions of law is de novo. E-470 Pub. Highway Authority v. 455 Co., 3 P.3d 18 (Colo.2000).
Here, the trial court set forth no explanation for its denial of Liberty's motion. Thus, we can only speculate as to its reason. Under these circumstances, we cannot review the trial court's decision. See In re Estate of Sky Dancer, 13 P.3d 1231 (Colo.App.2000)(the trial court's order must contain findings of fact and conclusions of law sufficient to give an appellate court a clear understanding of the basis of its decision).
We reject Liberty's assertion that because the trial court did not explain its decision to deny the motion for substitution, this court should review that determination de novo. Liberty relies on Luxliner, supra; Panther Pumps & Equipment Co. v. Hydrocraft, Inc., supra; Alcan, supra; and an unpublished decision of the Fourth Circuit for the proposition that an appellate court may decide the question of successor liability under C.R.C.P. 25(c) as a matter of law where the facts are undisputed. According to Liberty, this case involves "essentially" undisputed facts about *1260 the transfer of assets from HRC to HRC/SVL. However, even if we were to accept Liberty's interpretation of these cases, we cannot characterize the facts of this case as undisputed.
Accordingly, we remand the case to the trial court for further proceedings.

II. Procedure on Remand
When a motion for substitution is disputed, it implicates the parties' due process rights. "Before a party may be deprived of a property interest, due process requires, at a minimum, notice and an opportunity to be heard." Luxliner, supra, 13 F.3d at 72.
This protection is particularly important where, as here, the motion for substitution is not filed until after judgment has been entered. Joining a party without conducting a hearing would deprive that party of the opportunity to present relevant facts before being held liable for another entity's actions.
In Luxliner, the court ruled that disputes on a Fed.R.Civ.P. 25(c) post-judgment substitution motion cannot be determined on affidavits alone.
Assuming the affidavits filed presented a genuine issue of material fact, to join [a party] on the judgment without conducting a hearing would be to deprive [the party] of its only opportunity to develop the operative facts before being held liable for [another party's] actions. When competing sworn affidavits may result in one or more genuine issues of material fact, due process requires that a district court judge hear the evidence to assess for him or herself the credibility, or lack thereof, of one side as opposed to the other.... [W]here competing affidavits focus on a material issue, a district court may not decide factual issues arising in the context of Rule 25(c) motions simply by weighing the sworn affidavits against one another. Instead, at least in a context such as this in which a decision on a Rule 25(c) motion effectively imposes liability, the court must first determine whether the affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to [joinder or substitution] as a matter of law." If they do, the court should grant the motion; if they do not, however, the court should conduct an evidentiary hearing to decide whether the motion should be granted.
Luxliner, supra, 13 F.3d at 72-73 (citations omitted; quoting Fed.R.Civ.P. 56(c)).
We agree with this reasoning and adopt it as our own.
Accordingly, we conclude that because Liberty seeks to use C.R.C.P. 25(c) to substitute HRC/SVL post-judgment, and there is a dispute whether HRC/SVL should be substituted, the trial court shall conduct an evidentiary hearing to determine whether HRC/SVL is a successor corporation and set forth its findings of fact and conclusions of law. The court shall then determine whether to allow substitution under C.R.C.P. 25(c) and set forth the reasons for its decision sufficient to allow appellate review.
The order denying substitution is vacated, and the case is remanded for further proceedings consistent with this opinion.
Judge ROTHENBERG and Judge NIETO concur.