**In the Matter of the ESTATE OF Rocco A. SCHIOLA, a/k/a Rocco Schiola, Deceased, Petitioner–Appellee,**

v.

**COLORADO DEPARTMENT OF HEALTH CARE POLICY AND FINANCING, Respondent–Appellant.**

**No. 01CA1255.**

Colorado Court of Appeals,
Div. V.

May 23, 2002.

Solem, Mack & Steinhoff, P.C., R. Eric Solem, Englewood, Colorado, for Petitioner–Appellee.

Ken Salazar, Attorney General, Ann Hause, Assistant Attorney General, Denver, Colorado, for Respondent–Appellant.

Opinion by Judge NIETO.

The Department of Health Care Policy and Financing appeals the dismissal of its petition for allowance of claim filed against the Estate of Rocco A. Schiola. We affirm.

Prior to his death, Mr. Schiola received Medicaid benefits from a program administered by the Department. The Department reimbursed expenses for medical care provided to Mr. Schiola. Following Mr. Schiola's death, the Department, through an agent, filed a claim against his estate to recover benefits paid on his behalf. The personal representative denied the claim, and a hearing was held on the Department's petition for allowance of claim.

At the hearing, the personal representative asserted that the probate court lacked jurisdiction because the Department had not followed its own procedures, which permit an application for an undue hardship waiver of the claim. The court continued the hearing so the application could be made.

The Department and the personal representative could not agree on the procedure, and no application was filed. The personal representative then filed a motion to dismiss the Department's petition for allowance of claim, alleging that the Department failed to give the heirs notice of their right to apply for a hardship waiver of the claim and that the Department's procedures failed to provide an administrative hearing on an application for waiver. The court found that the Department had failed to give proper notice to the individuals affected by the proposed recovery and granted the motion. This appeal followed.

The Department contends that the court erred in dismissing its petition because it followed all required administrative procedures and gave proper notice of the process for applying for a hardship waiver. We agree that the Department properly served notice on the personal representative, but nonetheless affirm the probate court's order because the written notice was defective.

Federal law provides that states participating in the Medicaid program must establish Medicaid recovery procedures in accordance with federal standards. *See* 42 U.S.C. § 1396p; § 26–4–403.3, C.R.S.2001. As relevant here, 42 U.S.C. § 1396p(b)(3) provides: "The State agency shall establish procedures (in accordance with standards specified by the Secretary) under which the agency shall waive the application of this subsection ... if such application would work an undue hardship as determined on the basis of criteria established by the Secretary."

The federal standards for the states' Medicaid recovery programs are set out in § 3810 of the State Medicaid Manual promulgated by the Federal Health Care Financing Administration. Section 3810(D) of the State

Medicaid Manual requires states to adopt procedures under which individuals who will be affected by recovery will have the right to apply for an undue hardship waiver. These procedures must specify the method for applying for a waiver, the hearing and appeal rights, and the time frames involved. Section 3810(G)(2) of the State Medicaid Manual provides:

> You should give a specific notice to individuals affected by the proposed recovery whenever [recovery is sought]. The notice should be served on the executor or legally authorized representative of the individual's estate, or, if these are not known to the State, other survivors or heirs. The executor or legally authorized representative should be required to notify individuals who would be affected by the proposed recovery. In the situation where there is no executor or legally authorized representative, the State should notify the family or the heirs. The notice should include, at a minimum, the action the State intends to take, reason for the action, individual's right to a hearing (42 CFR Subpart E), method by which he/she may obtain a hearing, procedure for applying for a hardship waiver, and the amount to be recovered. An administrative hearing is not required if State law provides for court review as the next appellate step.

Under state law, the Department is authorized to establish an "estate recovery program only insofar as such program is in accordance with" the federal requirements. Section 26–4–403.3(2)(c), C.R.S.2001.

 The Department attempted to give notice "to the individuals affected by the proposed recovery" by sending a Notice of Estate Claim to the attorney who represented the personal representative. The probate court found that notice to the personal representative was not sufficient compliance with the federal regulation requiring notice to the individuals affected. However, we agree with the Department that service of a notice in proper form on the personal representative would be sufficient to give notice to the individuals affected by the claim against the estate.

 Section 3810(G)(2) of the State Medicaid Manual specifically provides that notice of the right to apply for a hardship waiver should be served on the representative of the decedent's estate with directions to notify the affected individuals of their right to seek a waiver. Notice that is reasonably calculated to apprise interested parties of the pendency of an action and that provides them an opportunity to participate meets the requirements of due process. *Long v. Pippin*, 914 P.2d 529 (Colo.App.1996). For the following reasons we conclude that serving the notice on the personal representative, as permitted by § 3810(G)(2), is reasonably calculated to give notice to the affected individuals.

First, the personal representative is required to take all steps reasonably necessary to protect and preserve the estate in his or her possession. Section 15–12–709, C.R.S. 2001. Providing the Notice of Claim to the affected individuals who may be able to obtain a waiver of a claim against the estate is a reasonable step that may protect and preserve assets of the estate.

 Second, "the personal representative acts in a fiduciary capacity for the benefit of creditors or others interested in the estate." *In re Estate of Masden*, 24 P.3d 634, 637 (Colo.App.2001); *see also* § 15–12–711, C.R.S.2001; *Colorado National Bank v. Friedman*, 846 P.2d 159 (Colo.1993). The simple act of providing to a beneficiary a notice that comes to a fiduciary and that he or she knows may have significant value to a beneficiary is well within the duty of a fiduciary. *See Vento v. Colorado National Bank–Pueblo*, 907 P.2d 642 (Colo.App.1995) (trustee must exercise the same care that would be used in safeguarding and preserving his or her own property).

Therefore, because of the duties of the personal representative described above, service of the notice on the personal representative with directions to give notice to the affected individuals would be reasonably calculated to provide notice to those individuals. Accordingly, the probate court erred by holding that the Department could not provide notice to the affected individuals by serving the notice on the personal representative.

The personal representative argues that he cannot be required to give the notice to heirs or others interested in the estate because he does not represent them and they may have conflicting interests. We reject this argument because requiring the personal representative to give the notice to these interested persons does not require him to represent them or take any action on their behalf. Thus, forwarding the notice does not create a conflict for him or require him to take action beyond the duties of a personal representative.

However, although the Department was permitted to serve the notice on the personal representative, the record here shows that the Notice of Claim served by the Department was defective.

The Notice of Claim did not inform the personal representative that it was the heirs or other affected individuals who had the right to apply for the hardship waiver, and it did not direct the personal representative to give the notice to those individuals. Section 3810(G)(2) requires that notice be given to "individuals affected by the proposed recovery." It provides for service of the notice on the personal representative only as a means of achieving the required notice to affected individuals. While the personal representative can be required to forward the notice to the affected individuals, a notice that does not in any way identify who should receive the notice, and does not contain specific directions for the personal representative to notify those persons, does not provide the required notice to "individuals affected by the proposed recovery."

Section 3810(D) requires advance notice to affected individuals of their right to apply for a hardship waiver. Because the notice provided by the Department failed to provide this notice, it was fatally defective.

The probate court did not make findings concerning the contents of the Notice of Claim nor the requirements of the regulations. However, the interpretation of regulations and written documents is a matter of law that we review de novo. *See Weisbart v. Agri Tech, Inc.,* 22 P.3d 954 (Colo.App.2001); *Ledbury v. Department of Higher Education,* 962 P.2d 308 (Colo.App.1997).

Having concluded that the Department did not give the notice required by § 3810(D) and (G)(2), we further conclude that the probate court did not err by dismissing the Department's claim against the estate. *See Kratzer v. Colorado Intergovernmental Risk Share Agency,* 18 P.3d 766 (Colo.App.2000) (appellate court may affirm trial court on grounds different from those relied on by trial court).

Because our holding that the Department did not provide proper notice fully resolves this appeal, we do not consider whether the Department must provide an administrative hearing on applications for hardship waivers.

The order is affirmed.

Judge DAVIDSON and Judge CASEBOLT concur.