94 P.3d 1253 (2004)
In the Matter of the ESTATE OF Molly E. KOCHEVAR, Deceased.
Colorado Department of Health Care Policy and Financing, Petitioner-Appellant,
v.
Joseph Kochevar, Personal Representative, Respondent-Appellee.
No. 03CA0609.
Colorado Court of Appeals, Div. IV.
June 17, 2004.
*1254 Ken Salazar, Attorney General, Tiffany West Smink, Assistant Attorney General, Denver, Colorado, for Petitioner-Appellant.
Solem, Mack & Steinhoff, P.C., R. Eric Solem, Peter T. Harris, Englewood, Colorado, for Respondent-Appellee.
Opinion by Judge VOGT.
The Colorado Department of Health Care Policy and Financing (Department) appeals the probate court's summary judgment in favor of the Estate of Molly E. Kochevar (decedent). We reverse and remand for further proceedings.

I.
In October 2001, the Department filed a claim in the probate court, seeking to recover from the Estate $76,109.08, representing Medicaid payments paid on behalf of the decedent before her death in March 2001. The claim stated that it was made pursuant to § 26-4-403.3, C.R.S.2003, which provides for recovery of payments from the estates of medical assistance recipients in accordance with the requirements of federal law.
At the time it filed its claim, the Department also sent a Notice of Estate Claim to the attorney for the personal representative of the Estate. The personal representative filed a notice of disallowance of the claim, and the Department responded with a petition for allowance.
In May 2002, a division of this court held, in Estate of Schiola v. Colorado Department of Health Care Policy and Financing, 51 P.3d 1080 (Colo.App.2002), that the notice of claim sent by the Department to the Schiola estate was defective in that it did not provide the information required by the State Medicaid Manual, which sets out procedures for administering the states' Medicaid recovery programs in accordance with federal standards. Because the October 2001 notice sent to the Estate in this case had the same defects as the notice in Schiola, the Department sent the Estate a second notice in July 2002, incorporating the additional information required under Schiola.
In October 2002, the Estate filed a motion for summary judgment. It argued that the notice sent to it by the Department in October 2001 was "fatally defective" for the reasons identified by the Schiola division; that the defects in the notice required dismissal of the Department's claim; and that the corrected notice sent by the Department in July 2002 could not correct the deficiencies because *1255 it was presented outside the one-year claim period set forth in § 15-12-803, C.R.S.2003. The probate court agreed that the October 2001 notice was defective and that the defects could not be cured by sending a corrected notice beyond the one-year period for presenting claims. Accordingly, the court granted the motion for summary judgment.

II.
The Department contends on appeal that the probate court erred in dismissing its claim because (1) the claim was timely, and (2) the July 2002 corrected notice gave the heirs and other affected individuals a reasonable opportunity to apply for a hardship waiver. We agree.

A.
As an initial matter, we agree with the Department that its claim was timely and that defects in the October 2001 notice sent to the Estate did not render the claim untimely or deprive the probate court of jurisdiction over it.
Section 15-12-803(1)(a)(III), C.R.S.2003, provides that all claims against a decedent's estate that arose before the decedent's death are barred unless presented within one year after the decedent's death. The supreme court has held that § 15-12-803(1) does not divest courts of jurisdiction over untimely claims against estates but, rather, operates as a bar to the enforcement of late-filed claims. See In re Estate of Ongaro, 998 P.2d 1097 (Colo.2000).
Section 15-12-804, C.R.S.2003, prescribes the manner of presentation of claims against an estate. Under § 15-12-804(1), C.R.S.2003, a claimant may either (1) deliver or mail a written statement to the personal representative, or (2) "file a written statement of the claim, in the form prescribed by rule, with the clerk of the court." The claim is "deemed presented on the first to occur of receipt of the written statement of claim by the personal representative, or the filing of the claim with the court."
A claim filed in accordance with either of the methods set forth in § 15-12-804(1) must state the basis of the claim, the name and address of the claimant, and the amount claimed. It must also indicate the nature of any uncertainties or contingencies, any property securing the claim, and, if the claim is not yet due, the due date; however, failure to describe these requirements correctly "does not invalidate the presentation made." Section 15-12-804(1).
The supreme court held in Ongaro that, although a creditor need not comply strictly with each of the formal statutory requirements, the creditor must provide a personal representative with reasonable notice that it could bring a claim against an estate. Such notice is sufficient if it contains "(1) a request or demand for payment from the estate, and (2) sufficient information to allow the personal representative to investigate and respond to the claim." Ongaro, supra, 998 P.2d at 1100.
Here, the Department filed its written claim in the probate court in October 2001, which was within one year of the decedent's death. The claim stated the name and address of the Department, the amount claimed, and the basis of claim, namely: "Medical services paid on behalf of the decedent," in the amount of $76,109.08, from July 3, 1992, until March 8, 2001.
Thus, the Department timely filed with the probate court a claim that satisfied the Ongaro requirements.

B.
When a claim is one for reimbursement of medical assistance payments, federal law requires that additional information, beyond the claim requirements set forth in § 15-12-804, be provided in the notice sent to the estate. In Schiola, the division reviewed the information required under the State Medicaid Manual when the state seeks repayment of Medicaid benefits and concluded that the Department's notice, which it had served on the personal representative, was defective because it "did not inform the personal representative that it was the heirs or other affected individuals who had the right to apply for [a] hardship waiver, and it did not direct the personal representative to give the notice to those individuals." Schiola, supra, 51 P.3d at 1083. Because the Department *1256 did not at any time give the estate the notice required under the State Medicaid Manual, the division upheld the probate court's dismissal of the Department's claim against the estate.
Although it is undisputed that the notice originally sent to the Estate in this case in October 2001 was defective under Schiola, it does not follow that application of Schiola required dismissal of the Department's claim. Schiola did not address whether defects in the notice require dismissal of a claim where, as here, (1) a timely claim was filed in the probate court, and (2) a corrected notice was sent to the estate within sufficient time to allow heirs or other affected individuals to contest the claim or seek hardship waivers. We conclude there was no basis for dismissal in such circumstances.
The corrected Notice of Estate Claim sent to the Estate in July 2002 remedied the deficiencies in the original notice and provided the information required under Schiola and the State Medicaid Manual. We do not agree with the Estate that the original defective notice affected the validity of the timely claim filed with the court, or that the corrected notice was ineffective because it was not given before the claim was filed.
In support of the latter argument, the Estate points out that the State Medicaid Manual § 3810(D) requires that affected individuals be provided "advance notice of any proposed recovery." As discussed below, such notice must be given sufficiently in advance of the proposed recovery to allow affected parties the opportunity to apply for a hardship waiver; however, neither the manual, § 15-12-803, § 15-12-804, nor any other authority of which we are aware requires that notice of the proposed recovery be provided before a claim is filed with the probate court.
The Department's regulations affect its right to recover from the estates of Medicaid recipients, but the regulations do not affect the manner in which claims are presented against the estates. Thus, even if we construe the "advance notice of any proposed recovery" requirement as a condition precedent to the Department's right to recover on its claim, the nonoccurrence of that condition does not nullify or invalidate the claim filed with the court.
Further, the Estate's contention that a claim must state as its basis, not only that the Department paid medical services on behalf of the decedent, but that "the Department has determined that the claim is not subject to waiver" under federal law, is inconsistent with Ongaro's description, discussed above, of the requirements for stating a valid claim.

C.
Although a Notice of Estate Claim need not precede the filing of a claim in the probate court, due process requires that a proper notice must nevertheless be provided within a reasonable time to allow affected persons to apply for a hardship waiver. If the Department's corrected notice was provided to the affected parties in sufficient time to afford them a full opportunity to be heard on the matter, there was no prejudice to them and thus no due process violation. See Ongaro, supra; see also Wunder v. Department of Revenue, 867 P.2d 178 (Colo.App.1993)(failure to give driver's licensee ten days advance written notice of change in location of hearing did not violate licensee's due process rights where he had full opportunity to participate in adjudication of merits of revocation action).
Here, although the Estate argues that the Department could have acted more promptly in sending out its corrected notice, the record does not reflect that the Estate or the heirs were prejudiced by the asserted delay. Indeed, the record includes an affidavit of the personal representative stating that, as of October 22, 2002  more than three months after the corrected notice was sent out  no monies from the Estate had been paid on the Department's claim. A November 2002 affidavit of a Department representative similarly stated that, at all times since October 2001 and July 2002, the heirs and other affected individuals had had the opportunity to apply for an exemption or waiver from Medicaid estate recovery, but they had not done so. It thus appears from the record that the Department's claim remains pending.
*1257 In sum, because the Department's claim was not time barred and the corrected notice was sent to the Estate in time to allow the affected parties a full opportunity to be heard, the Estate was not entitled to dismissal of the Department's claim on summary judgment. See C.R.C.P. 56(c).
The judgment is reversed, and the case is remanded for further proceedings on the Department's claim.
Judge ROY and Judge LOEB concur.