**In re the ESTATE OF Dolores LIGON, deceased.**

**Pamela Jennison Pratt, Appellant,**

**v.**

**Sandra Pratt, Executor, Appellee.**

**No. 05CA2442.**

Colorado Court of Appeals, Div. III.

March 8, 2007.

Pamela Jennison Pratt, Pro Se.

No Appearance for Appellee.

Opinion by Judge TAUBMAN.

Pamela Jennison Pratt appeals the trial court's order for final settlement and distribution of the estate of Pamela's mother, Delores Ligon, as executed by her sister, Sandra Pratt. This case involves the interpretation of the recovery of assets provisions of the Colorado Medical Assistance Act and related provisions of the state probate code. We affirm in part, reverse in part, and remand for further proceedings.

Ligon's will nominating Sandra Pratt as the personal representative of the estate and naming Ligon's four children as equal beneficiaries was admitted into probate. The court appointed Sandra Pratt as personal representative, and she retained Douglas Goldberg to assist her.

Before passing away, Ligon incurred medical bills paid by Colorado's Medicaid program. Health Management Systems, Inc. (HMS), on behalf of the Colorado Department of Health Care Policy and Financing (Department), filed a claim against the estate pursuant to § 25.5–4–302, C.R.S.2006, to recover these expenditures on Ligon's behalf. The Department's claim exceeded the value of the estate.

After receiving notice from Goldberg, Pamela Pratt applied to the Department for a waiver of its recovery of her portion of the estate. She stated that she was looking for work and living in a motel but would be forced to apply for public assistance if she did not receive a waiver. The Department determined that she qualified for the waiver and notified HMS. HMS informed Goldberg that the Department

> has agreed to compromise as a result of this request. One fourth of the claim amount, the portion of the Dolores Ligon Estate that would pass to Pamela Pratt, will be waived.... Three fourths of the claim amount will be accepted as final settlement of the claim filed by Health Management Systems on behalf [of the Department].

Therefore, the Department reduced the recoverable amount from $62,315.98 to three-fourths of that amount, $46,736.99.

Sandra Pratt, with the assistance of counsel, paid the $46,736.99 to the Department and distributed the remainder of the $63,769 estate, after deducting attorney fees and administrative and funeral expenses totaling approximately $10,400, to the four designated beneficiaries in the amount of $1,630.27 each.

Pamela Pratt requested a hearing to challenge this distribution, arguing that the Department's waiver was intended to benefit her alone. At the hearing, the court disagreed, finding that by filing a waiver application, Pamela Pratt reduced the amount of money taken by the Department and augmented the recovery by all heirs. The court also stated, "[N]o one else is entitled to a waiver. You [Pamela Pratt] meet the criteria ... and the state recognized that and reduced what [it] would take based on that status." However, the court found Pamela was paid the correct portion of the estate and approved the final settlement.

Pamela Pratt also requested that Sandra Pratt be personally responsible for a portion of the attorney fees. The court found that absent unusual circumstances, it would not inquire as to attorney fees and denied the request.

## I. Distribution of Estate Proceeds

Pamela Pratt contends the trial court erred in approving the final settlement and distribution of the estate and dividing the estate equally among the four named beneficiaries, even though she was the only person granted a waiver by the Department. We agree.

We give statutes their plain and obvious meaning. *Crowe v. Tull*, 126 P.3d 196 (Colo. 2006). Our primary purpose in interpreting a statute is to discern the intent of the General Assembly. *Gallegos v. Colo. Ground Water Comm'n*, 147 P.3d 20, 28 (Colo.2006). We must give consistent, harmonious, and sensible effect to the statutory scheme as a whole. *Simpson v. Bijou Irrigation Co.*, 69 P.3d 50, 59 (Colo.2003). A statutory interpretation that defeats the legislative intent or leads to an absurd result will not be followed. *Hall v. Walter*, 969 P.2d 224 (Colo.1998).

## A. Medicaid Estate Recovery

Federal law requires all states receiving Medicaid funds to establish programs to recoup certain expenditures from the estates of recipients of Medicaid funded care. 42 U.S.C. § 1396p; *In re Estate of Schiola v. Colo. Dep't of Health Care Policy & Fin.*, 51 P.3d 1080 (Colo.App.2002). Federal law also requires that states create procedures to waive the recovery of Medicaid funds if such recovery would work an undue hardship on any beneficiary of the estate. 42 U.S.C. § 1396p(b)(3); *see West Virginia v. Thompson*, 475 F.3d 204 (4th Cir. 2007).

The Federal Health Care Financing Administration promulgated rules set out in § 3810 of the State Medicaid Manual (Manual) to provide guidance to states in applying the undue hardship waiver. *See In re Estate of Schiola, supra.* The Manual instructs the state: "You have flexibility in implementing an undue hardship provision," and "You may also undertake partial recovery to avoid an undue hardship situation." Manual § 3810C.

The Colorado General Assembly has declared that "an estate recovery program would be a cost-efficient method of offsetting medical assistance costs in an equitable manner." Section 25.5–4–302(1), C.R.S.2006 (formerly codified as § 26–4–403.3). The General Assembly authorized the Department to establish "an estate recovery program only insofar as such program is in accordance with [federal law]." Section 25.5–4–302(2)(c), C.R.S.2006. Further, the Department is authorized to "compromise, settle, or waive any recovery of medical assistance . . . upon good cause shown." Section 25.5–4–302(4), C.R.S. 2006.

Pursuant to state statute, the Department has promulgated regulations providing that "good cause" exists if "without receipt of the proceeds of the estate, the heirs would become eligible for assistance payments and/or medical assistance programs." Dep't of Health Care Policy & Fin. Rule 8.063.18(A), 10 Code Colo. Regs. 2505–10.

## B. Probate Code Classification of Claims

The Colorado Probate Code (Code) is intended to simplify and clarify probate law and to discover and make effective the intent of a decedent in the distribution of estate property. Section 15–10–102, C.R.S.2006.

The Code provides for the classification of allowed claims against an estate and the order in which they must be paid. Section 15–12–805, C.R.S.2006. Various expenses, including administrative, funeral, and burial costs, must be paid first by the personal representative of an estate. Section 15–12–805(1)(a)–(f), C.R.S.2006. Thereafter, the personal representative must pay "[t]he claim of the [Department] for the net amount of medical assistance, as defined in section 25.5–4–302(5), C.R.S., paid to or for the decedent." Section 15–12–805(1)(f.5), C.R.S.2006. Section 25.5–4–302(5) requires that recovery of medical expenses by the Department be subject to any limitations provided by federal law. Finally, the personal representative must pay "all other claims," including those of the residuary estate. Section 15–12–805(1)(g), C.R.S.2006. The Code also provides that "[n]o preference shall be given in the payment of any claim over any other claim of the same class." Section 15–12–805(2), C.R.S.2006. Taken together, these provisions require that the payment of claims within the same class must be effectuated consistently with the federal guidelines.

On the one hand, the Code requires that each member of a class be treated equally. Section 15–12–805(2). This provision supports the trial court's ruling that each of Ligon's named beneficiaries was entitled to the same share of the estate.

On the other hand, the waiver of recovery of Medicaid expenses should benefit only those individuals who qualify for and are granted a waiver to prevent financial burdens upon the state. In contrast, this provision suggests Pamela should be the only one to benefit from the Department's waiver.

Therefore, we must attempt to reconcile the apparently conflicting statutory and regulatory provisions. *See Simpson v. Bijou Irrigation Co., supra.*

Pursuant to federal guidance, the Department has flexibility in determining whether to grant undue hardship waivers. Manual § 3810C. Here, the Department determined

that Pamela Pratt met the guidelines to receive a waiver and expressly waived the one-fourth of the claim amount "that would pass to Pamela Pratt." Notwithstanding the terms of this waiver, Pamela did not receive its full benefit.

Sandra Pratt paid the claims having priority and then paid the Department's claim, which was reduced as a result of the waiver. After payment of attorney fees, the remaining estate—$6,521.08 was divided among the four beneficiaries, each receiving $1,630.27.

As a result of the distribution of the estate assets, the three siblings who did not seek a waiver received a portion of the estate that they would not otherwise have received. In addition, Pamela Pratt, the only individual who qualified for the waiver, received a significantly reduced amount. This result is contrary to the intent of the hardship waiver statute and regulation. *See* § 25.5–4–302(4); Rule 8.063(18)(A).

We conclude the trial court's ruling is contrary to the stated public policy of waiving estate recovery for those heirs who may become a burden on the state if they are not allowed to receive a share of the estate proceeds. Although Medicaid estate recovery provisions reduce Medicaid costs and thereby state expenses, the waiver provisions recognize an exemption that also focuses on reducing state expenditures for those heirs who may become a public charge.

Here, the Department determined Pamela Pratt met the guidelines for a waiver and reduced the estate recovery claim so that she could recover her one-fourth portion of the estate. In addition, the court noted that *only* Pamela Pratt qualified for a waiver. However, instead of providing her the one-fourth portion, Sandra Pratt divided the estate among Pamela Pratt and her three siblings. This distribution is contrary to the public policy of keeping the waiver recipient from becoming a burden on the state.

Although the Code's purpose is to make effective the intent of a decedent and Ligon named four equal beneficiaries, the claims classification scheme imposes a requirement that the Department recover medical expenses prior to disbursing the remainder of the estate to pay "all other claims." In addition, the purpose of the undue hardship waiver is to prevent financial burdens on the state. By reducing the benefit to Pamela Pratt and providing a benefit to her siblings who had not sought a waiver, the trial court's final settlement frustrated that legislative purpose.

This result is also consistent with the requirement in § 15–12–805(2) that no preference be given in the payment of any claim over any other claim of the same class, because Pamela Pratt is not being accorded any preference. Any beneficiary receiving a waiver was entitled to take advantage of it. To the contrary, the trial court's order gave an unfair preference to Pamela Pratt's siblings.

Therefore, we conclude Pamela Pratt was entitled to the estate proceeds that remained after payment of administrative costs and attorney fees, in the amount of $6,521.08. Because she did not raise the issue, we do not address whether she would be entitled to a larger amount if her share of the estate were based on subtracting legal and administrative expenses from the gross estate, and then setting aside her one-fourth interest, before payment to the Department.

## II. Attorney Fees

Pamela Pratt contends the trial court erred in denying her motion to order Sandra Pratt to pay attorney fees. We disagree.

A personal representative is entitled to reimbursement from the estate for reasonable attorney fees incurred while defending or prosecuting any proceeding in good faith. Section 15–12–720(1), C.R.S.2006; *Moore v. Edwards,* 111 P.3d 572 (Colo.App.2005).

Here, Pamela Pratt claims that Sandra Pratt incurred additional attorney fees by pursuing Sandra's assertion that Pamela was not capable of managing significant funds received as a beneficiary of the estate. There is no evidence in the record to substantiate this claim. Furthermore, Pamela Pratt agrees that Goldberg acted in good faith and, in fact, has a right to attorney fees.

Therefore, Goldberg was entitled to his reasonable attorney fees from the estate, and

the trial court did not err by denying Pamela Pratt's motion.

### III.   Conclusion

Accordingly, the final order of settlement is reversed as to the distributions to the three estate beneficiaries other than Pamela Pratt.   The case is remanded to the trial court to reopen the estate proceedings and to order those three estate beneficiaries to pay back the portion of the estate they received so that it may be redistributed to Pamela Pratt in accordance with the waiver granted by the Department.   In all other respects, the trial court's order is affirmed.

Judge WEBB and Judge ROMÁN concur.