25CA0900 Rivers v Taylor 06-11-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0900
Weld County District Court No. 21CV7
Honorable Judith L. LaBuda, Judge

Bernard Kenneth Rivers, Jr.,

Plaintiff-Appellant,

v.

Todd Taylor, Dana Nichols, Jeffrey Romero, Troy Hause, James Hartmann,
State of Colorado, Michael Rourke,

Defendants-Appellees.

ORDERS AFFIRMED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE SULLIVAN
Pawar and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 11, 2026

Bernard Kenneth Rivers, Jr., Pro Se

Philip J. Weiser, Attorney General, Michelle Hickerson, Assistant Attorney
General, Denver, Colorado, for Defendants-Appellees Todd Taylor, Dana
Nichols, Jeffrey Romero, Troy Hause, James Hartmann, and State of Colorado

Hall & Evans, L.L.C., Matthew J. Hegarty, David Belsheim, Denver, Colorado,
for Defendant-Appellee Michael Rourke

¶ 1     Plaintiff, Bernard Kenneth Rivers, Jr., appeals the district court's orders denying his motions for postjudgment relief after the district court dismissed his amended complaint against defendants, Todd Taylor, Dana Nichols, Jeffrey Romero, Troy Hause, James Hartmann, and the State of Colorado (State defendants) and Michael Rourke and Kenneth Barker.  We affirm and remand the case to the district court for a determination of appellate attorney fees and costs.

## I.     Background

¶ 2     This is the third time that Rivers has sought appellate review in this case.  *See Rivers v. Taylor*, (Colo. App. No. 21CA0966, Oct. 6, 2022) (not published pursuant to C.A.R. 35(e)) (*Rivers I*); *Rivers v. Taylor*, (Colo. App. No. 23CA1443, Apr. 18, 2024) (not published pursuant to C.A.R. 35(e)) (*Rivers II*).  The case arises primarily from Rivers' 2017 arrest for traffic violations.  A jury found him guilty in 2019 of multiple offenses, including disobeying a police officer.

¶ 3     Unsatisfied with that result, Rivers filed this civil lawsuit in January 2021 against the State defendants, Rourke, and Barker.  Each defendant was either a judge or an attorney who participated

1

in the traffic case or one of Rivers' prior cases.[1]  In his amended complaint, Rivers asserted claims under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights in his earlier court cases.

¶ 4      The State defendants and Rourke moved to dismiss Rivers' claims.  The district court granted both motions and dismissed Rivers' amended complaint.  A division of this court affirmed the dismissal but denied the State defendants' and Rourke's requests for appellate attorney fees.  *See Rivers I*, ¶¶ 1, 26.

¶ 5      Still, Rivers continued filing motions for postjudgment relief.  The district court denied relief, and Rivers appealed the court's orders denying his eighth, ninth, and tenth motions for postjudgment relief.  Again, a division of this court affirmed.  *See Rivers II*, ¶ 31.  This time, though, the division found that Rivers should have known that his appeal was "substantially frivolous"

---

[1] Taylor, Nichols, Romeo, Hause, and Hartmann were state court judges and Rourke was the Weld County District Attorney at the time relevant to this appeal.  Barker represented Rivers for parts of his traffic case but was never properly served as a defendant in this case.  *See Rivers v. Taylor*, slip op. at ¶ 1 n.1 (Colo. App. No. 21CA0966, Oct. 6, 2022) (not published pursuant to C.A.R. 35(e)).  Accordingly, Barker isn't a party to this appeal.

and awarded the State defendants and Rourke their appellate attorney fees and double costs.  *Id.* at ¶¶ 28-30.

¶ 6     Undeterred, Rivers continued filing motions in the district court for postjudgment relief.  As relevant to this appeal, Rivers filed (1) an "objection" to the district court's August 5, 2024, order that awarded attorney fees to the State defendants and Rourke as well as costs to Rourke; and (2) a twelfth motion for postjudgment relief.  The district court construed the filings as motions under C.R.C.P. 60(b) and denied both.  The court also imposed filing restrictions on Rivers under *Karr v. Williams*, 50 P.3d 910 (Colo. 2002), finding that his prior motions were "filled with immaterial, pointless and extraneous information and [were] clearly meant to harass [the] [d]efendants."

¶ 7     For the third time, Rivers appeals.  In addition to the two orders denying Rivers' objection and motion discussed in the preceding paragraph, Rivers also purports to appeal orders entered by the district court on May 3, 2025; August 5, 2024; and July 13, 2023.  After issuing an order to show cause to which Rivers replied, a motions division of this court permitted Rivers to appeal only the two orders discussed in the prior paragraph, which were issued on

3

April 15 (time-stamped 11:18 a.m.) and April 22, 2025, concluding that the other orders either weren't final orders or weren't timely appealed. Although we aren't bound by the motions division's determination, *see Chavez v. Chavez*, 2020 COA 70, ¶ 13, we agree with its conclusions and proceed to review only the April 15 and April 22 orders.

## II. Discussion

¶ 8 Rivers raises multiple contentions alleging that the district court erred by denying his postjudgment motions. None has merit.

### A. Applicable Law and Standard of Review

¶ 9 The district court construed Rivers' filings as motions for postjudgment relief under C.R.C.P. 60(b)(2), (3), and (5). Those provisions permit a party to seek relief from a final judgment or order based on the fraud, misrepresentation, or other misconduct of an adverse party; the judgment being void; or any other reason justifying the relief. *See* C.R.C.P. 60(b)(2)-(3), (5). We generally review a district court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion, although we review de novo whether a judgment is void under C.R.C.P. 60(b)(3). *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 314 (Colo. 2010). A court

abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or if it misapplies the law. *Salazar v. Kubic*, 2015 COA 148, ¶ 6.

¶ 10    Our review requires us to interpret statutes and procedural rules, which are questions of law that we review de novo. *See Defend Colo. v. Polis*, 2021 COA 8, ¶ 47. In doing so, we give words and phrases their plain and ordinary meanings. *Elder v. Williams*, 2020 CO 88, ¶ 18.

### B.    Judge Glowinsky

¶ 11    Rivers raises multiple contentions related to Judge Carol Glowinsky, a retired senior judge who was assigned to preside over portions of this case. We address and reject each in turn.

¶ 12    Rivers first contends that the district court erred because it incorrectly said that the *Rivers I* division had resolved his claim that Judge Glowinsky had been improperly appointed. But that contention is contradicted by the record. The division in *Rivers I* stated: "[W]e discern no error in the fact that Judge Glowinsky presided over portions of this civil matter." *Rivers I*, ¶ 20.

¶ 13    Even so, Rivers argues that the *Rivers I* division didn't address whether Judge Glowinsky's appointment was improper under

section 24-51-1105(1)(b), C.R.S. 2025, and that this omission somehow rendered the district court's subsequent reliance on *Rivers I* improper.  But the *Rivers I* division did consider section 24-51-1105(1)(a) and concluded that "nothing in the record [supported] the proposition that Judge Glowinsky was not properly appointed by the chief justice to act as a senior judge in this matter."  *Rivers I,* ¶ 22.  Rivers fails to explain why Judge Glowinsky's appointment nonetheless didn't comply with section 24-51-1105(1)(b).  *See Holley v. Huang*, 284 P.3d 81, 87 (declining to address "bald assertions of error that lack any meaningful explanation").

¶ 14     Rivers does, however, assert that "[n]ewly discovered evidence obtained via [the Colorado Open Records Act (CORA)][2] on July 25, 2025, confirmed [Judge] Glowinsky's statutory disqualification."  But in the filings relevant to this appeal, Rivers never argued to the district court that the newly discovered evidence obtained through his open records requests supported his claims.  We therefore don't

---

[2] The Public Access to Administrative Records Rules, not CORA, govern requests for administrative records from the Judicial Department.  *See Archuleta v. Roane*, 2024 CO 74, ¶ 47 n.2 (Márquez, C.J., concurring).  Nonetheless, the record reveals that the department responded to Rivers' open records requests.

consider this unpreserved contention. *See Parks v. Edward Dale Parrish LLC*, 2019 COA 19, ¶ 17 n.5 ("We don't consider arguments that a party failed to make in the district court.").

¶ 15    Rivers similarly didn't preserve his argument that he was denied due process when he "was never served notice of [Judge] Glowinsky's appointment." *See id.* Even if he had preserved the argument, he cites no authority to support his proposition that the court was required to notify him of Judge Glowinsky's appointment. *See Fisher v. State Farm Mut. Auto. Ins. Co.*, 2015 COA 57, ¶ 18 ("We generally decline to address arguments presented to us in a conclusory manner that are lacking citations to any supporting authority."), *aff'd*, 2018 CO 39.

¶ 16    Accordingly, the district court didn't err by denying Rivers' postjudgment motions challenging Judge Glowinsky's appointment.

## C.    Case Management Order

¶ 17    Rivers raises similar contentions related to the initial case management order (CMO) that was issued in February 2021. We detect no error.

¶ 18    Rivers first contends that the district court erred by denying his postjudgment motions because, according to Rivers, the court

7

incorrectly said that the *Rivers I* division had resolved the issue of "the unlawful participation of recused judges." Again, the record refutes Rivers' contention. The division in *Rivers I* held that "the district court did not err by issuing the Initial CMO." *Rivers I*, ¶ 11. To the extent Rivers invites us to revisit the division's conclusion in *Rivers I*, we decline.

¶ 19     Rivers also contends that newly discovered evidence confirmed "that recused judges did issue [an initial case management order on February 9, 2021,] post-recusal." But again, he never raised this argument with the district court in the filings relevant to this appeal. *See Parks*, ¶ 17 n.5.

¶ 20     We therefore conclude that the district court didn't err by denying Rivers' challenges to the CMO.

### D.     Inconsistent Orders

¶ 21     Rivers next contends that the district court abused its discretion by issuing contradictory orders. Specifically, he alleges that the court's August 5, 2024, order "assert[ed] resolution," while the court's April 15, 2025, order "disavow[ed]" that resolution.

¶ 22     Rivers never identifies the "resolution" at the center of these allegedly contradictory orders, which makes addressing his

contention difficult. *See Holley*, 284 P.3d at 87. But our review of the various orders reveals the following:

- The district court's August 5 order included a statement that the division in *Rivers I* resolved the issues relating to the CMO and Judge Glowinsky's appointment.

- The district court's April 15 order stated that its August 5 order "contain[ed] no such statement."

¶ 23    At first glance, these two orders appear inconsistent because, in the April 15 order, the district court denied stating that the *Rivers I* division had resolved all issues related to the CMO, even though it had indeed said as much in its August 5 order. But Rivers doesn't explain how this minor inconsistency prejudiced him. *See Poudre Valley Rural Elec. Ass'n v. City of Loveland*, 807 P.2d 547, 557 (Colo. 1991) ("[I]t is incumbent upon [the complaining party] to show that the error was prejudicial."). Nor do we perceive any prejudice. As a result, we decline to disturb the district court's judgment on this ground. *See* C.A.R. 35(c) ("The appellate court may disregard any error or defect not affecting the substantial rights of the parties.").

¶ 24    Moreover, the April 15 order went on to say that the *Rivers I* division concluded that the district court didn't err by entering the CMO. The court's orders are therefore largely consistent as to the CMO; each order declares that the *Rivers I* division resolved the CMO issues, which it did. *See Rivers I,* ¶¶ 6-11.

¶ 25    We therefore reject Rivers' contention that the district court abused its discretion by issuing contradictory orders.

### E.    Opposing Counsel

¶ 26    Rivers further contends that the district court erred by rejecting his claim that two attorneys representing Rourke committed fraud upon the court. According to Rivers, Rourke's attorneys knowingly served him with filings by mail using an incorrect address. We discern no error.

### 1.    Additional Applicable Law

¶ 27    A person commits fraud only when they knowingly misrepresent a material fact. *Se. Colo. Water Conservancy Dist. v. Cache Creek Mining Tr.*, 854 P.2d 167, 172 (Colo. 1993). Fraud upon the court is a serious type of fraud that "interferes with the judicial machinery itself." *Id.* at 176. It applies to extrinsic fraud, which is fraud that "prevents the party complaining from making a

full and fair defense." *Id.* (citation omitted). Typically, "[p]erjury and other fraud merely between the parties to the litigation" don't constitute fraud upon the court. *In re Marriage of Gance*, 36 P.3d 114, 118 (Colo. App. 2001). Rather, the fraud must impact more than a single litigant. *Carbajal v. Wells Fargo Bank, N.A.*, 2020 COA 49, ¶ 33.

### 2. Analysis

¶ 28 Rivers doesn't explain which filings were allegedly sent to an incorrect address. *See Holley*, 284 P.3d at 87. Liberally construing his filings, it appears Rivers contends that Rourke's attorneys didn't comply with the requirements of C.R.C.P. 4(e) by personally serving him with Rourke's July 17, 2024, bill of costs. *See Minshall v. Johnston*, 2018 COA 44, ¶ 21 (We must "interpret pro se pleadings and motions liberally, [but] liberal construction does not include inventing arguments not made by the pro se party.").

¶ 29 Contrary to Rivers' contention, Rourke's attorneys weren't required to *personally* serve the bill of costs on him in accordance with C.R.C.P. 4(e). Instead, because the bill of costs was a "pleading subsequent to the original complaint," C.R.C.P. 5 governed service. C.R.C.P. 5(a). Under that rule, service may be

11

made by "[m]ailing a copy to the last known address of the person served."  C.R.C.P. 5(b)(2)(B).

¶ 30    Here, Rourke's attorneys mailed the bill of costs to an address previously associated with Rivers, but Rivers apparently never received it.  Any mistake that the attorneys made by mailing the bill of costs to an outdated address didn't constitute fraud upon the court.  Indeed, the district court made no finding that the attorneys intentionally or knowingly mailed the bill of costs to an incorrect address.  *See Fed. Deposit Ins. Corp. v. Fisher*, 2013 CO 5, ¶ 17 (Eid, J., concurring) (a mistake doesn't constitute fraud because fraud requires an intentional and knowing misrepresentation); *United States v. Gordon*, 657 F. App'x 773, 779 (10th Cir. 2016) (fraud upon the court claim failed because the plaintiff "presented no evidence demonstrating the government's misrepresentation was intentional, as opposed to an innocent mistake"); *cf. Hart v. Ed-Ley Corp.*, 482 P.2d 421, 424 (Colo. App. 1971) (defendant's false statements weren't fraudulent because they were made inadvertently and didn't prevent plaintiff from conducting his own investigation).

¶ 31     In addition, even assuming the attorneys' alleged misconduct could constitute extrinsic fraud that might support a fraud upon the court claim, Rivers can't show that he was prevented "from making a full and fair defense" — an essential element of a fraud upon the court claim. *Se. Colo. Water Conservancy*, 854 P.2d at 176. After the bill of costs was returned as undeliverable, the attorneys emailed the filing to Rivers. Moreover, the court gave Rivers additional time to respond. But instead of challenging any of Rourke's claimed costs, Rivers rehashed the same arguments he's made throughout this litigation. We therefore conclude that Rivers' indifference, rather than any purported fraud, deprived Rivers of whatever defense he may have had. *See id.* at 177.

¶ 32     For the same reason, any error in improperly serving Rivers with the bill of costs was harmless. *See Gessler v. Smith*, 2018 CO 48, ¶¶ 43-44 (insufficient notice of hearing was harmless because party didn't identify any issues raised at the hearing that he was precluded from responding to); *In re Estate of Kochevar*, 94 P.3d 1253, 1256 (Colo. App. 2004) (defective notice was harmless because corrected notice was sent with sufficient time to allow the affected party to respond).

¶ 33 Accordingly, the district court didn't err by rejecting Rivers' claim that Rourke's attorneys committed fraud upon the court.

### F. Precedent

¶ 34 Rivers also contends that the district court erred by failing to apply binding precedents. We disagree.

¶ 35 Rivers argues that our precedent provides that judgments entered without jurisdiction or in violation of constitutional rights are void. But he develops no argument beyond those we have already rejected to explain how the district court entered judgment without jurisdiction or violated his constitutional rights. *See Holley*, 284 P.3d at 87.

¶ 36 Rivers also argues that the district court's April 15 order was procured by fraud because the court "fabricated evidence suggesting trial courts may disregard evidence." But he doesn't explain what evidence the court allegedly fabricated. *See id.* And while the April 15 order slightly mischaracterized the August 5 order, we have already concluded that the orders were largely consistent with one another, they accurately described the *Rivers I* division's conclusions, and the minor mischaracterization didn't prejudice Rivers.

¶ 37     Rivers adds that the district court and State Defendants selectively invoked precedent such as *Warnick v. Court Administration*, 2025 COA 7.  But he doesn't identify where he made this argument to the district court, *see* C.A.R. 28(a)(7)(A); *Parks*, ¶ 17 n.5, and the court didn't mention *Warnick* in either of the two orders we are reviewing.  Nor does he explain how the court selectively invoked *Warnick* or any other decision.  *See Holley*, 284 P.3d at 87.

¶ 38     Accordingly, we reject Rivers' precedent-based contentions.

## G.     Other Contentions

¶ 39     In his reply brief, Rivers contends for the first time that the district court violated his equal protection rights by denying him, but not his opponents, "the ability to rely on court records and published decisions."  But we don't address arguments raised for the first time in a reply brief.  *See Hickman v Cath. Health Initiatives*, 2013 COA 129, ¶ 16 n.7.

¶ 40     Rivers also contends in his reply brief that the defendants "misrepresented that 'new evidence obtained via CORA' supported their position."  Yet Rivers doesn't identify when the defendants made this alleged misrepresentation.  *See Holley*, 284 P.3d at 87.

And our review of the parties' appellate briefs reveals that Rourke never discussed evidence obtained by an open records request, while the State Defendants did so only when summarizing Rivers' contentions. We therefore reject this contention as well.

### H.    Rivers' Supplemental Authorities and Other Filings

¶ 41    After appellate briefing concluded, Rivers filed several notices of supplemental authority. *See* C.A.R. 28(i) (a party may notify the court of "pertinent and significant new authority" that comes to a party's attention after appellate briefing has closed).[3] The purpose of C.A.R. 28(i) is to provide parties "with an opportunity to bring to the attention of the court new authority, not available when briefs were submitted." *Glover v. Innis*, 252 P.3d 1204, 1212 (Colo. App. 2011). "The notice must set forth the citation and state, without argument, the reason for the supplemental citation, referring either to the page of the brief or to a point argued orally." C.A.R. 28(i).

¶ 42    Rivers' first three notices don't comply with C.A.R. 28(i) because they fail to cite "new" authority that was unavailable when

---

[3] Most of Rivers' notices fail to mention C.A.R. 28(i) or comply with its provisions. But we liberally construe Rivers' pro se filings, so we treat his notices as if they were filed under C.A.R. 28(i). *See Minshall v. Johnston*, 2018 COA 44, ¶ 21.

briefing closed. Nevertheless, we have considered the authorities cited in each of his notices and conclude that none changes our analysis.

¶ 43 We also deny Rivers' (1) motion to strike the defendants' response to one of his notices of supplemental authority; (2) motion to address unreasonable appellate delay; and (3) motion to remand the case to the district court based on an allegedly void order, statutory violations, and unanswered claims.

### III. Rourke's Appellate Attorney Fees and Costs

¶ 44 Rourke requests his appellate attorney fees and double appellate costs under C.A.R. 38(b); C.A.R. 39(a); section 13-17-102, C.R.S. 2025; and 42 U.S.C. § 1988. We grant his request.

¶ 45 C.A.R. 38(b) permits us to award attorney fees and single or double costs if we determine that an appeal is frivolous. *See also* C.A.R. 39(a)(2) ("[I]f a judgment is affirmed, costs are taxed against the appellant."). And section 13-17-102 requires us to assess reasonable attorney fees against a party who brought an appeal that "lacked substantial justification" or "was interposed for delay or harassment." § 13-17-102(2), (4). But we may assess fees against a pro se party only if we determine that the party "clearly

17

knew or reasonably should have known that the party's action or defense, or any part of the action or defense, was substantially frivolous, substantially groundless, or substantially vexatious." § 13-17-102(6).

¶ 46    Under § 1988, however, pro se parties aren't held to a lower standard.  Rather, that statute empowers a court in its discretion to award attorney fees to the prevailing party in a § 1983 claim.  *See* § 1988(b).  But case law has limited a court's discretion to award attorney fees to a prevailing defendant, allowing a fees award only if the § 1983 suit "was vexatious, frivolous, or was brought to harass or embarrass the defendant."  *State v. Golden's Concrete Co.*, 962 P.2d 919, 926 (Colo. 1998) (citation omitted).

¶ 47    An appeal is frivolous as filed if it raises "no legitimately appealable issues" because the judgment below was "plainly correct."  *Calvert v. Mayberry*, 2019 CO 23, ¶ 45 (quoting *Castillo v. Koppes-Conway*, 148 P.3d 289, 292 (Colo. App. 2006)).  But even if the appeal raises legitimately appealable issues, it still may be frivolous as argued if the appellant doesn't make a coherent argument or support their argument with legal authority.  *Id.*

¶ 48    Like the division in *Rivers II*, we conclude that Rivers' appeal is frivolous as filed and as argued. *See Rivers II*, ¶ 28. In his appellate briefs, Rivers rarely supports his argument with citations to the record or legal authority, often includes erroneous or irrelevant citations, relies primarily on conclusory and undeveloped arguments that are contradicted by the record, repeats arguments that have already been rejected by prior divisions, and advances arguments that he didn't preserve before the district court. And like his district court filings, Rivers has continued to flood this court with serial, improper filings after briefing closed. What's more, the orders Rivers appeals were plainly correct. *See Calvert*, ¶ 45. Given all this, we conclude Rivers' appeal is frivolous as filed and as argued.

¶ 49    We also conclude, consistent with the *Rivers II* division, that Rivers reasonably should have known this appeal was substantially frivolous. *See* § 13-17-102(6); *Rivers II*, ¶ 29. In its April 15 order, the district court noted that Rivers didn't cite any factual or legal basis to support his contentions. Likewise, in the April 22 order, the court found Rivers' *twelfth* motion for postjudgment relief was another attempt to "harass [d]efendants and place an unreasonable

burden on precious judicial resources," leading it to conclude that Rivers "knew or should have reasonably known" that the motion lacked substantial justification. Further, the court imposed filing restrictions on Rivers before he appealed those orders, providing him additional notice that his claims were frivolous and his conduct was improper. Rivers' conduct on appeal nonetheless mirrors his vexatious conduct before the district court.

¶ 50 Accordingly, we conclude Rourke is entitled to his reasonable attorney fees under both § 1988 and section 13-17-102. We also award Rourke his double costs under C.A.R. 38(b). We remand the case to the district court to determine the amount of Rourke's reasonable attorney fees and double costs incurred on appeal. *See* C.A.R. 39.1.

## IV. Disposition

¶ 51 We affirm the orders and remand the case to the district court to determine Rourke's reasonable attorney fees and double costs incurred on appeal.

JUDGE PAWAR and JUDGE MEIRINK concur.